Filed April 28, 1887.

---

No. 11,427.

## JEFFERSON v. COLEMAN.

REAL ESTATE.—*Strict Foreclosure.—Lien.—Right of Redemption.*—A proceeding in the nature of a strict foreclosure may be maintained by one who holds the legal title to land against persons who have a mere lien upon or right of redemption in such land.

SAME.—Such remedy is not appropriate as against a person who owns the legal title to the land.

SAME.—*Sheriff's Sale.—Husband and Wife.—Inchoate Interest.—Mortgage.—Strict Foreclosure.*—J. purchased a tract of land at sheriff's sale, sold as the property of B. subject to a mortgage held by P., in which B.'s wife had not joined. Subsequently, B. and his wife conveyed to Mrs. J. the undivided one-third of such real estate, which had been vested in Mrs. B. under the statute of March 11th, 1875. In the proceeding to foreclose P.'s mortgage, which was executed prior to the enactment of that statute, Mrs. J. was not made a party. C. purchased the land at the sale made in pursuance of the decree of foreclosure, and, in a partition suit brought by Mrs. J., filed a cross bill, setting up the above facts and asking that she be required to redeem the land, or, in default, that his title be quieted. The court decreed that Mrs. J. be required to redeem in six months by the payment of the amount of the mortgage and interest, or, in default, be barred and enjoined from asserting title. *Held*, that this was error.

*Held*, also, that a proceeding in the nature of a strict foreclosure was not

an appropriate remedy as against Mrs. J., she being the owner of the legal title to one-third of the land.

From the Tippecanoe Superior Court.

*G. O. Behm* and *A. O. Behm*, for appellant.

MITCHELL, J.—The record before us presents the following facts: On the 28th day of December, 1874, John C. Bansemer, a married man, being the owner of a tract of land in Tippecanoe county, executed a mortgage thereon to John Purdue, to secure an indebtednes of five thousand dollars. On the 20th day of November, 1875, Sheldon recovered a judgment against Bansemer, and on the 5th day of April, 1879, Bansemer's interest in the mortgaged land was sold at an execution sale to James W. Jefferson, to satisfy the Sheldon judgment. By his purchase at the execution sale, Jefferson became the owner of the undivided two-thirds of the land in question, subject to the Purdue mortgage. Subsequently, Bansemer and wife conveyed, by warranty deed, the undivided one-third which, under the statute of March 11th, 1875, vested in Mrs. Bansemer, to Mary A. Jefferson. In this manner, James W. and Mary A. Jefferson became the owners and went into possession of the entire tract subject to the mortgage to Purdue. At the September term, 1882, the Purdue mortgage was foreclosed, the mortgage debt amounting at that time, with interest, to over seven thousand dollars. Mrs. Jefferson was not notified of the foreclosure proceedings, and as to her the decree was ineffectual. On the 28th day of October, 1882, Coleman purchased the land for two thousand dollars at a sale made in pursuance of the above mentioned decree. After the sale to Coleman, Mrs. Jefferson filed a petition alleging that she was the owner of the undivided one-third of the land and prayed partition. Coleman, holding a certificate of purchase under the Purdue decree, filed a cross bill, setting up the facts substantially as above, and asked that Mrs. Jefferson be required to redeem, or, in default thereof, that his title be

quieted. After overruling a demurrer to the cross bill, the court at the final hearing decreed, in effect, that Mrs. Jefferson, or some one in her behalf, be required to redeem from the sale to Coleman within a period of six months, by paying two thousand dollars, with ten per cent. interest from the date of the sale, or, in default thereof, to be forever barred and enjoined from asserting any right or title to the land in question, or any part thereof.

The question presented is, whether under the facts disclosed, it was competent to bar the interest of Mrs. Jefferson by proceedings in the nature of a strict foreclosure. On her behalf, the argument is that her interest in the premises could only be affected or extinguished by a foreclosure and sale under the Purdue mortgage. The appellee has not favored us with a brief.

In our State, as in all those States where a mortgage is regarded as creating only an equitable lien, and not as a conveyance of the legal estate, the remedy by strict foreclosure can only be resorted to under special and peculiar circumstances.

At best it is a harsh remedy, and on account of its severity, and the anomalous relation it bears to our conception of the interest of a mortgagee, and the statutory method of foreclosure, it should be pursued only in cases where a statutory foreclosure and sale would be inappropriate. A strict foreclosure proceeds upon the theory that the mortgagee, or purchaser, has acquired the legal title, and obtained possession of the mortgaged estate, but that the right and equity of redemption, of some judgment creditor, junior mortgagee, or other person similarly situate, has not been cut off or barred. In such a case, the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior encumbrancers to redeem. *Catterlin* v. *Armstrong*, 101 Ind. 258 (267); *Bolles* v. *Duff*, 43 N. Y. 469; *Shaw* v. *Heisey*, 48 Iowa, 468; *Farrell* v. *Parlier*, 50 Ill. 274; *Boyer* v. *Boyer*, 89 Ill. 447;

*Shirk* v. *Andrews*, 92 Ind. 509 ; *American Ins. Co.* v. *Gibson*, 104 Ind. 336 ; 2 Jones Mort., section 1540 ; Pomeroy Eq., section 1227 ; *Smith* v. *Brand*, 64 Ind. 427.

Such persons have a mere lien upon, or an equity in, the land, which is subordinate to the right of the owner of the legal title. A statutory foreclosure in such a case would be manifestly inappropriate. The owner of the legal title may with propriety maintain a proceeding in the nature of a strict foreclosure, to bar the interests of persons who have a mere lien upon, or right of redemption in, the land. *Bresnahan* v. *Bresnahan*, 46 Wis. 385.

Upon the facts disclosed Mrs. Jefferson had more than a right of redemption. She had the legal title to the one undivided one-third, subject only to such encumbrance as a mortgage on a husband's lands, signed by him alone, imposes on the inchoate interest of his wife. Whatever inchoate interest Mrs. Bansemer had in the land, when it was sold upon the Sheldon judgment, became consummate after the sale.

Under the statute, she became the owner in fee of the undivided one-third. This was subject to the Purdue mortgage, in which she had not joined.

The act of March 11th, 1875, did not affect the mortgagee's interest, the mortgage having been made prior to the taking effect of the act. *Buser* v. *Shepard*, 107 Ind. 417.

Mrs. Jefferson acquired the interest of Mrs. Bansemer by purchase, and if the latter shall survive her husband, it may be claimed that her grantee will be entitled to the one-third interest in the land, free from the encumbrance of the mortgage. *Helphenstine* v. *Meredith*, 84 Ind. 1 ; *Pouder* v. *Ritzinger*, 102 Ind. 571.

This interest can not be cut off by a strict foreclosure. The purchaser under the mortgage decree has acquired the interest of the mortgagor and those claiming under him, but he has not acquired title to, or affected, the interest transferred to Mrs. Jefferson.

While we decide nothing now in reference to the subject,

it may be doubted whether she can be deprived of it by any proceeding that can be taken upon the mortgage. What we decide here is, that as Coleman did not have the legal title to the whole, and as Mrs. Jefferson had a legal title to the one-third, her right can not be cut off by a strict foreclosure.

Judgment reversed, with costs.

Filed April 21, 1887.