Loeb *et al. v.* Tinkler.

Filed June 17, 1890.

---

No. 14,113.

LOEB ET AL. *v.* TINKLER.

MORTGAGE. — *Foreclosure. — Description. — Cross-Complaint.*—A cross-complaint which refers to the complaint for a description of the real estate upon which the mortgage is sought ⸱to be foreclosed is sufficient as against an assignment of error.

SAME.—*Strict Foreclosure.—Junior Judgment.—Purchaser Under.*—The purchaser under the foreclosure of a senior mortgage is entitled to a strict foreclosure as against the wives of purchasers at a sale on execution issued on a judgment junior to the mortgage, who were not made parties to the foreclosure.

From the Tippecanoe Circuit Court.

*J. F. McHugh,* for appellants.

OLDS, J.—This is an action brought by the appellants against the appellee for the partition of certain real estate described in the complaint.

The appellee answered the complaint by general denial, and filed a cross-complaint, alleging that, on the 11th day of May, 1874, one James T. Moore executed a mortgage to one Consider Tinkler upon the real estate described in the complaint, said Moore being then the owner of the said real estate, to secure the payment of two promissory notes aggregating the sum of $673.65 ; that said mortgage was duly acknowledged and recorded in Mortgage Record 16, on page

449, of said county, on the 16th day of June, 1874; that afterwards said note and mortgage were assigned to said Emily A. Tinkler, the appellee, by endorsement; that afterwards, on December 14th, 1881, one Henry Rosenthal recovered a judgment in the Tippecanoe Circuit Court against said Moore for $123.25 ; that, on March 8th, 1882, a writ of execution issued on said judgment; that a levy was made on said real estate described in the complaint, and, after being duly advertised, was sold to Gus Loeb and Lazarus Hirsh on June 5th, 1883, they being the highest and best bidders therefor; that afterwards, on the — day of ——, 1884, the sheriff of said county made and executed and delivered to said purchasers a deed for said real estate.

It is further averred that, on the 9th day of June, 1884, the appellee brought suit for the foreclosure of said mortgage against said James T. Moore as mortgagor, and said Gus Loeb and Lazarus Hirsh as subsequent purchasers; that she recovered a judgment and was granted a decree of foreclosure against all of said parties ; that an order of sale was issued on said decree; that said real estate was duly sold, and she became the purchaser, and the real estate not being redeemed the sheriff of said county executed to her a deed. And it is further averred that said Ada Loeb is the wife of Gus Loeb, and Sarah Hirsh is the wife of Lazarus Hirsh, and that they were not made parties to said foreclosure proceedings.    Prayer for a decree of strict foreclosure against said Ada Loeb and Sarah Hirsh.

Appellants answered the cross-complaint by general denial, and the cause was submitted to the court for trial without the intervention of a jury.    The parties made an agreed statement of facts, which was entered of record in the cause, no evidence being introduced, but all the facts were agreed upon.

The agreed statement of facts is, substantially, as alleged in the cross-complaint: That Moore owned the real estate in controversy and described in the complaint and cross-com-

plaint; that he executed a mortgage on the same to Consider Tinkler, and he assigned it to the appellee; that it was duly recorded; that after the execution of the mortgage the judgment was recovered against Moore, execution issued thereon and levied upon the land, and the land sold and purchased by Gus Loeb and Lazarus Hirsh; the land not being redeemed a deed issued to them; that after the deed issued in pursuance of the sale on execution to Loeb and Hirsh, the appellee brought suit to foreclose the mortgage against Moore and Gus Loeb and Lazarus Hirsh, and obtained a judgment and decree of foreclosure; that an order of sale issued thereon, the land was sold, and appellee became the purchaser, and afterwards received a deed; that Ada Loeb is the wife of Gus Loeb, and Sarah Hirsh is the wife of Lazarus Hirsh.

The court stated conclusions of law, and rendered a judgment and decree of strict foreclosure in favor of appellee, giving the appellants sixty days to redeem.

Numerous errors are assigned, but the only one that presents any question is that the cross-complaint does not state facts sufficient to constitute a cause of action.

No demurrer was addressed to the cross-complaint, and it is questioned for the first time in this court. The same rule does not apply in testing the sufficiency of a complaint or cross-complaint, in this court, on an assignment of error that the complaint does not state facts sufficient to constitute a cause of action, as in case of a demurrer for this cause.

In the case of *Peters* v. *Banta*, 120 Ind. 416, it is said by the court: "When the sufficiency of a cause of action is called in question by motion in arrest of judgment, or by error assigned in this court, if facts sufficient are alleged to bar another suit for the same cause of action, all other defects are cured by the verdict and the complaint will be regarded as sufficient to uphold the judgment." *Colchen* v. *Ninde,* 120 Ind. 88.

In the case of *Owen School Tp., etc.,* v. *Hay,* 107 Ind. 351, the court say: "For want of a copy of the contract the

complaint is defective, but that defect would have been cured by a verdict, and was cured by the finding of the court."

The only objection urged to the complaint is, that it does not describe the real estate, and does not set out a copy of the mortgage. The cross-complaint, as will be seen, refers to the complaint for a description of the real estate. The real estate is described in the complaint. While it would be defective if tested by a demurrer, as no such reference is permissible in good pleading, yet by such reference a description of the real estate can be ascertained, and facts are alleged which would bar another action.

In *Chapell* v. *Shuee,* 117 Ind. 481, it is held that if the omission be such as might be supplied by proof, and the facts alleged are sufficient to bar another suit for the same cause of action, the complaint is sufficient to withstand a motion in arrest.

In *Murdock* v. *Cox,* 118 Ind. 266, it is held that if two paragraphs of a complaint, when taken together, state a cause of action, it is sufficient after verdict, though not sufficient as against a separate demurrer to each paragraph.

Tested by the rules stated in the authorities cited, the complaint is sufficient as against an assignment of error, as in this case.

It is contended that the appellee is not entitled to a strict foreclosure. The appellee had obtained the legal title of the mortgagor in the land, and the appellants had only the right of redemption by reason of their marital relations with the purchasers, at a sale on execution issued on a judgment which was junior to the mortgage; and not having been made parties to the suit to foreclose the mortgage, the appellee had the right to a strict foreclosure against them. See *Jefferson* v. *Coleman,* 110 Ind. 515, and authorities there cited. There is no error in the record.

Judgment affirmed, with costs.

Filed April 9, 1890; petition for a rehearing overruled June 18, 1890.