Filed June 22, 1894.

———————◆———————

No. 15,867.

JACKSON *v.* WEAVER.

MORTGAGE.—*Strict Foreclosure.—Can not be had Against Owner of the Fee.—Purchaser at Sheriff's Sale.—Parties.*—In 1876, B. recovered a judgment against C. who was at the time the owner of certain real estate, which judgment became a lien on the land. The land was sold by the sheriff, on execution issued on this judgment, on February 17, 1877, to J. and J. received a sheriff's deed for the same, March 16, 1878. W being the owner, by assignment, of a mortgage on such land, executed June 17, 1875, by C. and wife, brought suit January 8, 1878, against C. and wife, to foreclose the same, to which action J. was not made a party, and obtained a decree foreclosing the same March 11, 1878, and the land was sold to W. May 11, 1878, for which he received a sheriff's deed June 20, 1879. W. brings suit against J. for the purpose of obtaining a decree in *strict* foreclosure.

*Held*, that J. by his purchase at sheriff's sale, became the owner of the fee, of the land in dispute, and was such owner at the time the action for strict foreclosure was brought.

*Held*, also, that a strict foreclosure can not be had against one who owns the fee to the land; but is only applicable against one who has an equity of redemption which has not been cut off or barred.

*Held*, also, that as J. was not a party to the suit of W. to foreclose his mortgage, the decree in that case can in no wise affect J.'s rights.

From the Tippecane Circuit Court.

*W. H. Bryan* and *E. A. Greenlee,* for appellant.

COFFEY, J.—Since the appeal in this case was perfected, the appellee, Patrick Weaver, has departed this life, and his heirs at law have been made parties in his stead.

The undisputed facts in the case are as follows: For some years prior to 1878 Peter Cheesman was the owner of the land involved in this action. On the 11th day of February, 1876, John W. Beasley recovered a judgment in the Tippecanoe Circuit Court against Cheesman, which became a lien on the land at the time of its rendition. The land was sold by the sheriff, on an execution issued on this judgment, on the 17th day of February, 1877, and the appellant, Daniel Jackson, became the purchaser. He received a sheriff's deed on this sale, dated March 16th, 1878. The appellee, Patrick H. Weaver, being the owner by assignment of a mortgage on the land, executed on the 17th day of June, 1875, commenced an action on the 8th day of January, 1878, against Cheesman and wife to foreclose the same, and obtained a decree on the 11th day of March thereafter.

The appellant was not made a party to this action. The land was sold to the appellee, on this decree, May 11th, 1878, and on the 20th day of June, 1879, he obtained a sheriff's deed to the same.

This suit was brought by the appellee against the appellant, for the purpose of obtaining a decree in strict foreclosure. The complaint alleged the facts above stated, the court sustaining a demurrer to the complaint, and by leave of court he filed an additional paragraph. In this additional paragraph, the appellee alleged that the appellant, Jackson, held the land in trust for him, and he sought a decree quieting title. The appellant filed a cross-bill, in which he alleged that the appellee had been in possession of the land as mortgagee and sought an accounting for rents and profits and permission to re-

deem from the Cheesman mortgage. To this cross-bill the appellee filed an answer alleging the facts in the case as above stated, and again prayed a decree in strict fore-closure. To this answer the court overruled a demurrer. Upon a final hearing of the cause the court found that Jackson was the owner of the land, stated the amount due on the Cheesman mortgage, and entered a decree in strict foreclosure against the appellant, Jackson, requiring him to pay into court, for the use of the appellee, Weaver, the amount found to be due on the mortgage within thirty days, and in default of such payment that the title should be quieted in the appellee.

Among other errors assigned it is alleged that the court erred in overruling the demurrer of the appellant to the answer filed by the appellee to the cross-bill.

We are not favored with a brief on behalf of the appellee, and for that reason have no means of knowing the views of his counsel upon the questions presented by the record. We are of the opinion, however, that the court below erred in overruling a demurrer to the answer to the appellant's cross-bill. By his purchase, under the Beasley judgment, the appellant became the owner of the fee to the land in dispute, and was such owner at the time this suit was instituted. Not having been a party to the suit of the appellee to foreclose his mortgage, the decree in that case in no wise affected his rights. His title could not be divested in a foreclosure proceeding to which he was not a party. *Curtis* v. *Gooding*, 99 Ind. 45; *Pauley* v. *Cauthorn*, 101 Ind. 91; *Abbott* v. *Union Mutual Life Ins. Co.*, 127 Ind. 70.

A strict foreclosure can not be had against one who owns the fee to land. Such a foreclosure can only be had where the statutory foreclosure and sale are inappropriate.

It proceeds upon the theory that the mortgagee or pur-

chaser has acquired the legal title and obtained possession of the mortgaged estate, but that the right and equity of redemption of some judgment creditor, junior mortgagee or other person standing in that situation has not been cut off or barred.    In such cases the remedy by strict foreclosure is appropriate, but it can never be used to divest the fee when it is once vested in some one other than the mortgagee or purchaser.    *Jefferson* v. *Coleman,* 110 Ind. 515.

In this case, as we have seen, the fee was not in the appellee, but was in the appellant, and for that reason the remedy by strict foreclosure was inappropriate.

Judgment reversed, with direction to sustain the demurrer of the appellant to the appellee's answer to the cross-bill, and for other proceedings not inconsistent with this opinion.

