Ronald SANDERS, Paul Hardin, Dallas Kelp, Vernon McGaha, Lucinda Bray, Appellants–Plaintiffs,

v.

BOARD OF COMMISSIONERS OF BROWN COUNTY, Indiana, Appellees–Defendants,

and

Board of Fire Trustees of Brown County Fire Protection District, Intervenor Defendant–Appellee.

No. 07A01–0803–CV–104.

Court of Appeals of Indiana.

Sept. 2, 2008.

---

Kurt A. Young, Nashville, IN, Attorney for Appellant.

James T. Roberts, Nashville, IN, E. Paige Freitag, Bauer & Demsford, and

William C. Lloyd, Lloyd Law Office, Bloomington, IN, Attorney for Appellees: Board of Commissioners of Brown County, Indiana, Board of Fire Trustees of Brown Fire Protection District.

Stephen R. Buschmann, Thrasher Buschmann Griffith & Voelkel, P.C., Indianapolis, IN, Attorneys for Amicus Curiae Indiana Township Association, Inc.

Karen L. Arland, Ice Miller LLP, Indianapolis, IN, Attorney for Amicus Curiae Association of Indiana Counties, Inc.

## OPINION

MATHIAS, Judge.

After the Brown County Board of Commissioners ("the Commissioners") passed an ordinance creating a county-wide fire protection district, several property owners (hereinafter referred to as "the Freeholders") filed a complaint in Brown Circuit Court requesting a declaratory judgment that the ordinance was void. After summary judgment motions were filed, the trial court entered summary judgment in favor of the Intervenor–Defendant, the Board of Fire Trustees ("the Trustees"), and concluded that the Commissioners had the authority to create a fire protection district pursuant to Indiana Code section 36–8–11–4. The Freeholders appeal and argue that the Commissioners lacked statutory authority to create a fire protection district.

We affirm.

### Facts and Procedural History

On September 4, 2007, the Commissioners passed Brown County Ordinance number 09–04–07–01 ("the Ordinance"), which created a county-wide fire protection district. Shortly thereafter, the Freehold-

ers,[1] i.e. Ronald Sanders, Paul Hardin, Dallas Kelp, Vernon McGaha, and Lucinda Bray, filed a complaint seeking injunctive relief and requesting a declaratory judgment that the ordinance was void. Essentially, the freeholders claimed that the Commissioners do not have statutory authority to establish a fire protection district. A hearing was held on the preliminary injunction on October 18, 2007, and at the hearing, the court granted the Trustees' motion to intervene. The court issued an order denying the Freeholders' request for preliminary injunctive relief on October 23, 2007.

On November 21, 2007, the Trustees filed a memorandum opposing the Freeholders' request for permanent injunctive relief. A few days later, the Trustees filed a motion for judgment on the pleadings. The Commissioners also filed a motion for judgment on the pleadings. The Freeholders responded by filing a motion for summary judgment on December 8, 2007. The Trustees filed a response and cross-motion for summary judgment on January 7, 2008. The Commissioners filed their response on that date as well.

After a hearing was held on the motions pending before the court, the trial court issued its order granting the Trustees' motion for summary judgment and denying the Freeholders' motion for summary judgment on February 8, 2008. In its order, the court concluded that Indiana Code section 36–8–11–4 "empowers Indiana's County Commissioners to create a fire protection district." Appellant's App. p. 304. In addition, Indiana Code section 36–8–11–5 permits freeholders who desire to establish a fire protection district

to file a petition with their County Auditor. The court concluded that the statutes were not ambiguous when read separately. However, "[r]ead together, the question arises as to whether the only means of initiating the process to create a fire district rests with the freeholders of a community." *Id.* Ultimately, the court concluded that there are two methods by which a fire protection district may be created. *Id.* at 307. The court stated, "[i]t appears upon reading the entire chapter in harmony and as part of a uniform system of jurisprudence, the Indiana Legislature intended to give freeholders the ability to create a fire protection district even if the county legislative body refuses to do so." *Id.* The Freeholders appeal the court's February 8, 2008 order.[2]

## Standard of Review

When we review the grant or denial of summary judgment, we use the same standard of review as the trial court. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Poznanski ex rel. Poznanski v. Horvath,* 788 N.E.2d 1255, 1258 (Ind.2003) (citing Ind. Trial Rule 56(C); *Tom–Wat, Inc. v. Fink,* 741 N.E.2d 343, 346 (Ind. 2001)).

> We consider only those facts which were designated to the trial court at the summary judgment stage. We do not reweigh the evidence, but instead liberally construe the designated evidentiary material in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact.

---

1. Under chapter 36–8–11, a "Freeholder" is defined as "an individual who holds land in fee, for life, or for some indeterminate period of time, whether or not in joint title." Ind. Code § 36–8–11–2 (2006).

2. The Association of Indiana Counties and the Indiana Township Association were granted leave to file amicus curiae briefs in this appeal.

*St. Joseph County Police Dept. v. Shumaker*, 812 N.E.2d 1143, 1145 (Ind.Ct.App. 2004), *trans. denied.*

■■■ Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is particularly appropriate. *Pike Tp. Educ. Found., Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind.Ct.App.2005). Moreover, where the issue presented on appeal is a pure question of law, we review the matter de novo. *Id.* Finally, our standard of review is not altered by cross-motions for summary judgment. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.*

The goal of statutory construction is to determine, give effect to, and implement the intent of the General Assembly. *Sales v. State*, 723 N.E.2d 416, 420 (Ind.2000). The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result. *Id.* Statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme. *Heidbreder Inc. v. Bd. of Zoning Appeals of City of Crown Point*, 858 N.E.2d 199, 200 (Ind.Ct. App.2006), *trans. denied.* To determine legislative intent, we read the sections of an act together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *City of N. Vernon v. Jennings Nw. Reg'l Utils.*, 829 N.E.2d 1, 4 (Ind.2005); *see also Lake Cent. Sch. Corp. v. Hawk Dev. Corp.*, 793 N.E.2d 1080, 1085 (Ind.Ct.App.2003), *trans. denied* ("When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do

so."). We also examine the statute as a whole. *City of N. Vernon*, 829 N.E.2d at 4–5.

## Discussion and Decision

■■■ Under the "Home Rule" Act, governmental units are granted the powers needed "for the effective operation of government as to local affairs." *See* Ind.Code § 36–1–3–2 (2006). Consistent with the Home Rule Act, the General Assembly has enacted chapter 36–8–11, which allows county governments to establish fire protection districts ("the Act"). At issue in this appeal is whether a county legislative body may *only* establish a fire protection district if the freeholders file a petition requesting the district.

Indiana Code section 36–8–11–4 (2006) provides in pertinent part:

(a) A county legislative body may establish fire protection districts for any of the following purposes:

(1) Fire protection, including the capability for extinguishing all fires that might be reasonably expected because of the types of improvements, personal property, and real property within the boundaries of the district.

(2) Fire prevention, including identification and elimination of all potential and actual sources of fire hazard.

(3) Other purposes or functions related to fire protection and fire prevention.

(b) Any area may be established as a fire protection district, but one (1) part of a district may not be completely separate from another part. A municipality may be included in a district, but only if it consents by ordinance, unless a majority of the freeholders of the municipality have petitioned to be included in the district.

Section 36–8–11–5 (2006) permits freeholders to petition for the establishment of a

fire protection district and provides in pertinent part:

(a) Freeholders who desire the establishment of a fire protection district must initiate proceedings by filing a petition in the office of the county auditor of the county where the freeholder's land is located. The petition may also be filed by a municipality under an ordinance adopted by its legislative body in each county where the municipality is located.

(b) The petition must be signed:

(1) by at least twenty percent (20%), with a minimum of five hundred (500), of the freeholders owning land within the proposed district; or

(2) by a majority of those freeholders owning land within the proposed district;

whichever number is less.

After a petition is filed under section 36–8–11–5, the county auditor is required to present the petition to the county legislative body. Once the legislative body determines that the petition meets the Act's statutory requirements, "it may set a date for a public hearing on whether a fire protection district should, as a matter of public policy, be established in the area proposed in the petition. The legislative body may also prepare an ordinance or resolution to establish the district for its consideration, in accordance with applicable laws." Ind.Code § 36–8–11–8 (2006). Finally,

A petition against the establishment of the fire protection district may be presented to the county legislative body at or after a hearing on the petition to establish a district and before the adoption of an ordinance or resolution establishing the district.

[ ] If the legislative body finds that it contains the signatures of fifty-one percent (51%) of the freeholders within the proposed district or of the freeholders who own two-thirds (2/3) of the real property within the proposed district, determined by assessed valuation, the legislative body shall dismiss the petition for the establishment of the district.

Ind.Code § 36–8–11–9 (2006).

The trial court concluded, and we agree, that sections 36–8–11–4 and –5 are not ambiguous when read separately. However, the court also found that when read together, "the question arises as to whether the only means of initiating the process to create a fire district rests with the freeholders of a community." Appellant's App. p. 304.

The Trustees and the Commissioners argue that sections 36–8–11–4 and –5 provide two methods by which a fire protection district may be established. Conversely, the Freeholders contend that when the Act is read in its entirety, "it is clear that a petition signed by at least [twenty] percent of the freeholders in the affected area is required before a fire protection district can be established by Defendant Board of Commissioners." Br. of Appellant at 17.

While the Freeholders concede that section 36–8–11–4, grants a county legislative body authority to establish a fire protection district, they argue it may do so only if at least twenty percent of the freeholders owning land within the proposed district file a petition to establish the district with the County Auditor. The Freeholders argue that their interpretation is supported by the numerous references to freeholders and petitions throughout the Act. They also point to the fact that the Act does not provide for a petition to oppose the establishment of a fire protection district if its establishment is sought solely by the county legislative body. Yet, they observe that a petition to oppose the district

may be filed in response to the freeholders' petition requesting a fire protection district. Furthermore, the Freeholders state: "There is no earthly reason for the Legislature to require the signature of a certain percentage of freeholders on a petition when a county legislative body can create a district upon the request of one person, who may not even be a freeholder, or even without a request by anyone." Br. of Appellant at 20.

In granting the Trustees' motion for summary judgment, the trial court made the following observations:

> [I]f a petition is properly filed, the body accepting the petition has severely limited authority to deny the establishment of a fire protection district. The petition process to create a fire protection district is a powerful tool for the land owners in a county to act when the county legislative body is unwilling to act. This petition process is not rendered meaningless by stating that there are two (2) methods by which a fire protection district may be created. It appears upon reading the entire chapter in harmony and as part of a uniform system of jurisprudence, the Indiana Legislature intended to give freeholders the ability to create a fire protection district even if the county legislative body refuses to do so.

Appellant's App. pp. 306–07.

We agree with the trial court's interpretation of the Act.[3] First, we note the section 36–8–11–4 language stating, "[a] county legislative body may establish fire protection districts ...", does not reference the freeholder petition process established in section 36–8–11–5. If the

General Assembly intended the freeholder petition process to be a prerequisite for the establishment of the fire protection district by the county legislative body, it could have easily provided for such limitation in section 36–8–11–4. *See Kochis v. City of Hammond,* 883 N.E.2d 182, 186 (Ind.Ct.App.2008) ("[I]t is just as important to recognize what a statute does not say as it is to recognize what it does say.")

We also find support for our conclusion in the language of section 36–8–11–5, which states, "Freeholders *who desire* the establishment of a fire protection district[.]" From this language, we can reasonably conclude that the General Assembly desired to empower freeholders with the ability to create the fire protection district if the county legislative body does not do so.

For all of these reasons, we conclude that the Commissioners had the authority pursuant to section 36–8–11–4 to pass the Ordinance, which created a county-wide fire protection district. Accordingly, the trial court properly entered summary judgment in favor of the Trustees.

Affirmed.

MAY, J., and VAIDIK, J., concur.

---

3. Moreover, we note that the trial court's interpretation is consistent with Indiana Code section 36–8–2–3, which provides that "[a] unit may establish, maintain, and operate a firefighting and fire prevention system and may provide facilities and equipment for that system." A unit is defined as a "county, municipality, or township." Ind.Code § 36–1–2–23 (2006).