DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004–HE9, Mortgage Pass–Through Certificates Series 2004–HE9, As Assignee of ("MERS") Mortgage Electronic Registration Systems, Inc., Acting Solely as a Nominee for Accredited Home Lenders, Inc. a California Corporation, Appellant–Plaintiff,

v.

MARK DILL PLUMBING COMPANY, Mark E. Neff and Invironmental Technologies, LLC, Appellees–Defendants.

No. 87A01–0807–CV–307.

Court of Appeals of Indiana.

March 25, 2009.

Phillip A. Norman, Phillip A. Norman, P.C., Valparaiso, IN, Attorney for Appellant.

Ole J. Olsen, Jr., Olsen, White & Hambidge, LLP, Evansville, IN, Attorney for Appellee, Mark Dill Plumbing Co.

Mark E. Neff, Mark E. Neff Law Office, P.C. Boonville, IN, Attorney for Appellee, Mark E. Neff.

C. Richard Martin, Martin & Martin, Boonville, IN, Attorney for Appellee, Invironmental Technology.

## OPINION

MAY, Judge.

Deutsche Bank National Trust Company[1] appeals summary judgment for Mark Dill Plumbing Company, Mark E. Neff, and Invironmental Technologies, LLC. (collectively, "Appellees"). We affirm.

1. The cover of Deutsche Bank's Brief indicates its full title is: "Deutsche Bank National Trust Company, as Trustee on Behalf of the Certificate holders of Morgan Stanley ABS Capital I Inc., Trust 2004–HE9, Mortgage Pass–Through Certificates, Series 2004–HE9, as Assignee of ('MERS') Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Accredited Home Lenders, Inc., a California Corporation."

## FACTS AND PROCEDURAL HISTORY

The parties do not dispute the relevant facts. James Welch owned real estate at 702 E. Maple Street in Boonville, Indiana. Appellees separately received judgment liens against Welch's property. Deutsche Bank owned a mortgage on Welch's property.

Deutsche Bank filed a mortgage foreclosure action against Welch, but did not join any of the Appellees as parties. The foreclosure proceeded to judgment. On October 12, 2006, Deutsche Bank purchased Welch's real estate at a Sheriff's sale.

Thereafter, Deutsche Bank learned of the judgment liens belonging to Appellees, and filed an action to remove their liens. Appellees individually answered, and Neff and Invironmental counterclaimed to foreclose their liens. Deutsche Bank then filed a motion for summary judgment, claiming the Appellees' liens were subordinate to Deutsche Bank's interest and claiming Appellees' rights and equity should be cut off. Neff filed a cross-motion for summary judgment, which Dill Plumbing and Invironmental joined, that requested Deutsche Bank's equity of redemption be foreclosed and another Sheriff's sale be held to satisfy the amounts owed to Appellees. After a hearing, the court denied Deutsche Bank's motion and granted Appellees' motion.

## DISCUSSION AND DECISION

When we review a summary judgment, we apply the same standard applied by the trial court. *Sanders v. Board of Comm'rs of Brown County*, 892 N.E.2d 1249, 1251 (Ind.Ct.App.2008), *trans. de-*

*nied.* Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Trial Rule 56(C). That opposing parties file cross-motions for summary judgment does not alter our standard of review. *Sanders,* 892 N.E.2d at 1252. We must review carefully a decision to grant summary judgment to ensure no party was improperly denied its day in court. *ABN AMRO Mortg. Group, Inc. v. American Residential Servs., LLC,* 845 N.E.2d 209, 214 (Ind. Ct.App.2006). If the issue presented on appeal is a pure question of law, we review *de novo* the trial court's decision. *Sanders,* 892 N.E.2d at 1252.

An action to foreclose a mortgage is essentially equitable in nature. *Centex Home Equity Corp. v. Robinson,* 776 N.E.2d 935, 942 (Ind.Ct.App.2002), *trans. denied* 792 N.E.2d 38 (Ind.2003). Accordingly, "trial courts have considerable equitable discretion to set aside sales of property resulting from their foreclosure judgments." *Id.* In addition, trial courts have "full discretion to fashion equitable remedies that are complete and fair to all parties involved." *Porter v. Bankers Trust Co. of California, N.A.,* 773 N.E.2d 901, 909 (Ind.Ct.App.2002).

Deutsche Bank asserts the court should have granted the "strict foreclosure" it requested against the Appellees. To address Deutsche Bank's argument, we must first determine what "strict foreclosure" means under Indiana law and whether it applies to the facts before us.

At English common law, "strict foreclosure" was: "A rare procedure that gives the mortgagee title to the mortgaged property—without first conducting a sale—after a defaulting mortgagor fails to pay the mortgage debt within a court-specified period." Black's Law Dictionary 658 (7th ed.1999). However, Indiana, like many American jurisdictions, rejected this proceeding in lieu of foreclosure by judicial sale, *Skendzel v. Marshall,* 261 Ind. 226, 240, 301 N.E.2d 641, 649 (1973), *cert. denied* 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974), because forfeiture "is often offensive to our concepts of justice and inimical to the principles of equity." *Id.* at 240, 301 N.E.2d at 650. This cannot be the "strict foreclosure" sought by Deutsche Bank against Appellees, as Deutsche Bank already had title to Welch's property via the statutory foreclosure proceeding.

Although it has been discussed only a few times, our Indiana courts appear to have recognized another definition of strict foreclosure:

> In our state, as in all those states where a mortgage is regarded as creating only an equitable lien, and not as a conveyance of the legal estate, the remedy by strict foreclosure can only be resorted to under special and peculiar circumstances.

> At best it is a harsh remedy, and, on account of its severity, and the anomalous relation it bears to our conception of the interest of a mortgagee, and the statutory method of foreclosure, it should be pursued only in cases where a statutory foreclosure and sale would be inappropriate. *A strict foreclosure proceeds upon the theory that the mortgagee or purchaser has acquired the legal title, and obtained possession of the mortgaged estate, but that the right and equity of redemption, of some judgment creditor, junior mortgagee, or other person similarly situate, has not been cut off or barred. In such a case, the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior encumbrancers to redeem.*

Such persons have a mere lien upon, or an equity in, the land which is subordinate to the right of the owner of the legal title. A statutory foreclosure, in such a case, would be manifestly inappropriate. The owner of the legal title may, with propriety, maintain a proceeding in the nature of a strict foreclosure, to bar the interest of persons who have a mere lien upon or right of redemption in the land.

*Jefferson v. Coleman,* 110 Ind. 515, 517–18, 11 N.E. 465, 466–67 (1887) (citations omitted) (emphasis added).[2]

Based thereon, Deutsche Bank asserts the trial court should have simply removed the Appellees' liens from the title to the property, in essence asking to have Appellees' liens forfeited. Our Indiana Supreme Court has explained:

[A] court of equity must always approach forfeitures with great caution, being forever aware of the possibility of inequitable dispossession of property and exorbitant monetary loss. We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consonant with notions of fairness and justice under law.

*Skendzel,* 261 Ind. at 241, 301 N.E.2d at 650. We see nothing "fair" or "just" about

ordering forfeited the liens of Dill Plumbing, Neff, and Invironmental when their junior liens were properly recorded and when the failure to join them as parties in the forfeiture action resulted from the negligence of Deutsche Bank or its agent. We decline Deutsche Bank's invitation to allow it to inequitably eliminate the Appellees' liens via strict foreclosure.[3]

The Appellees assert it would be error to allow their interests to be eliminated "without notice and without due process." (Appellees' Br. at 6.) We agree.

Junior lien holders and others having a junior claim or interest in mortgaged property are proper parties to a foreclosure action; necessary parties include those with an ownership interest in the property. Both proper and necessary parties *must be joined* in a foreclosure action before that action will be binding upon them.

Indiana Law Encyclopedia, Mortgages § 126 (West 2001) (emphasis added); *see also Proctor v. Baker,* 15 Ind. 178 (1860) (foreclosure by a senior mortgagee does not affect the rights of a junior lienholder who was not made a party to the foreclosure action).

When junior lienholders are not made parties, the foreclosure and sale cannot be enforced against them:

---

**2.** In *Jefferson,* our Indiana Supreme Court had to determine whether Jefferson's fee simple interest in one-third of a large property could be extinguished via strict foreclosure by Coleman, who had obtained title at a foreclosure sale on a mortgage that was attached only to the other two-thirds of the property. The Court determined strict foreclosure was not an appropriate remedy in such a circumstance because the mortgage, and thus the title Coleman acquired, had not been attached to Jefferson's one-third of the property.

Our Indiana Supreme Court later held: "A strict foreclosure cannot be had against one who owns the fee to land." *Jackson v. Weaver,* 138 Ind. 539, 541, 38 N.E. 166, 167 (1894).

**3.** The form of strict foreclosure discussed in *Jefferson* has been mentioned in two more recent opinions: *ABN AMRO Mortg. Group, Inc. v. American Residential Servs., LLC,* 845 N.E.2d 209, 214 (Ind.Ct.App.2006), and *Brightwell v. United States,* 805 F.Supp. 1464, 1469 (S.D.Ind.1992). In *ABN AMRO,* the lien alleged by American Residential Services had not, in fact, attached to the property at issue, so we were not required to decide whether to apply strict foreclosure to the facts of that case. 845 N.E.2d at 218. In *Brightwell,* the court held a junior federal tax lien that had not been listed in a foreclosure action remained valid and enforceable after the foreclosure sale. 805 F.Supp. at 1473.

Generally, persons who were not made parties are not concluded by the judgment or decree of foreclosure and are not precluded from exercising any right of redemption....

Where a mortgagee knows or should know that a person has an interest in property upon which the mortgagee seeks to foreclose, but does not join that person as a party to the foreclosure action, and the interested person is unaware of the foreclosure action, the foreclosure does not abolish the person's interest.

Indiana Law Encyclopedia, Mortgages § 143 (West 2001). That this is the state of Indiana law does not seem open to dispute:

In *Holmes et al. v. Bybee et al.*, 1870, 34 Ind. 262, this court discussed and explained the effect as between lienholders of the failure in the foreclosure of a lien to make the holder of another lien a party. There Bybee, the holder of a mortgage lien, foreclosed and failed to make Holmes and another, the holders of a junior judgment lien, parties. After the sale of the land on foreclosure and a sheriff's deed had been procured Holmes caused an execution to be issued on his judgment and levied on said land. The owners of the land, who had acquired their title through the foreclosure sale, filed an action to enjoin the sale of said land on execution. The court held that as against the holders of the judgment lien, who were not made parties, the foreclosure of the mortgage and the subsequent sale were without effect. The court there said:

'It is urged by counsel for the appellees, that the appellants, if not barred entirely, were bound to redeem the property before they could sell upon their execution. This argument would be worthy of consideration, if, as to the appellants, there had been any foreclosure and sale; but as there has not, they have the plain statutory right of levying upon and selling the equity of redemption. Again, the question is put by way of argument, what will the appellants sell if they proceed with their execution, inasmuch as the equity of redemption has already been sold? This question assumes that, as against the appellants, the equity of redemption has been sold while we think, quite clearly, it has not.'

Referring to *Holmes et al. v. Bybee et al.*, supra, this court said in *Arnold v. Haberstock*, 1937, 213 Ind. 98, 10 N.E.2d 591, 593, [*reh'g denied*] 213 Ind. 98, 11 N.E.2d 682: 'This case has been cited and followed in this state ever since and seems to be the well-settled law in Indiana now.'

*Watson v. Strohl*, 220 Ind. 672, 684–85, 46 N.E.2d 204, 209 (Ind.1943).

Accordingly, our Indiana Supreme Court held that the junior lienholder who was not made a party to the foreclosure action was in no wise bound by such foreclosure and his situation after the foreclosure remained the same as it had been before. The purchaser at the foreclosure sale simply stepped into the shoes of the original holder of the real estate and took such owners' interest subject to all existing liens and claims against it. *Id.* at 687, 46 N.E.2d at 210. Thus, the junior lienholder had a valid lien against the title held by the purchaser and was "entitled to have said real estate sold to satisfy said lien." *Id.* at 688, 46 N.E.2d at 210.

This appears to be precisely what happened here. Deutsche Bank foreclosed its mortgage without making Appellees parties. Deutsche Bank acknowledges Appellees' liens were properly recorded; its agent that conducted the title search pre-

sumably missed them. Accordingly, Deutsche Bank should have known about Appellees' liens. The trial court ordered the property sold to satisfy the liens belonging to Appellees. In light of *Watson*, the trial court reached the proper result.[4]

Because there are no genuine issues of material fact and the law is in Appellees' favor, we affirm the summary judgment for Dill Plumbing, Neff, and Invironmental.[5]

Affirmed.

FREIDLANDER, J., and BRADFORD, J., concur.

---

4. We also note Ind. Trial Rule 69(F), "Title opinion or insurance required in all judicial sales of land," suggests Deutsche Bank or its agent likely had or purchased title insurance to cover eventualities such as these.

5. Because issues regarding division of the proceeds may arise during further proceedings in the trial court, we note that, in *Brightwell*, the Federal District Court, applying Indiana law, explained the procedure for determining the relative rights of the parties in a case like that before us. 805 F.Supp. at 1473–74.