**DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004–HE9, Mortgage Pass–Through Certificates Series 2004–HE9, As Assignee of ("MERS") Mortgage Electronic Registration Systems, Inc., Acting Solely as a Nominee for Accredited Home Lenders, Inc., a California Corporation, Appellant–Plaintiff,**

v.

**MARK DILL PLUMBING COMPANY, Mark E. Neff and Invironmental Technologies, LLC, Appellees–Defendants.**

No. 87A01–0807–CV–307.

Court of Appeals of Indiana.

July 14, 2009.

Phillip A. Norman, Phillip A. Norman, P.C., Valparaiso, IN, Theodore J. Nowacki, George T. Patton, Jr., David J. Jurkiewicz, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellant.

Mark R. Galliher, Craig D. Doyle, Doyle Legal Corporation, P.C., Indianapolis, IN, Attorneys for Amicus Curiae Indiana Land Title Association.

Ole J. Olsen, Jr., Olsen, White & Hambidge, LLP, Evansville, IN, Attorney for Mark Dill Plumbing Co.

Mark E. Neff, Mark E. Neff Law Office, P.C., Boonville, IN, Attorney for Mark E. Neff.

C. Richard Martin, Martin & Martin, Boonville, IN, Attorney for Invironmental Technology.

## OPINION ON REHEARING

MAY, Judge.

Deutsche Bank petitions for rehearing, seeking clarification of our March 25, 2009, opinion in *Deutsche Bank Nat. Trust Co. v. Mark Dill Plumbing Co.*, 903 N.E.2d 166 (Ind.Ct.App.2009). Specifically it asks that we delineate for the trial court the exact order of priority for payment amongst the parties on remand and explain to the trial court that it can order the junior lienholders to redeem the property from Deutsche Bank rather than order a second sheriff's sale of the property.[1]

As for the priority amongst the parties on remand, we note that our original opinion, anticipating this concern the parties did not raise on appeal, provided:

> Because issues regarding division of the proceeds may arise during further proceedings in the trial court, we note that, in *Brightwell,* the Federal District Court, applying Indiana law, explained the procedure for determining the relative rights of the parties in a case like that before us. 805 F.Supp. at 1473–74.

*Deutsche Bank,* 903 N.E.2d at 171 n. 5. The portion of *Brightwell* that we cited explains:

In Indiana, a mortgagee's acquisition of fee simple title to mortgaged property generally results in a merger of the mortgage with the title, thus extinguishing the mortgage lien. Merger will not occur, however, and the lien will be preserved, where merger would harm the interests of the mortgagee. The key factor in deciding if merger has occurred is determining what the parties to the sale—primarily the mortgagee—intended. If intent is not express, but circumstances indicate that preservation will "benefit" the mortgagee, the court will presume that no merger was intended.

The underlying purpose of this "anti-merger" rule—i.e., the benefit it is meant to confer—is protection of the mortgagee's priority. Specifically, the rule allows the mortgagee to prevent junior lienholders from stepping up in priority, foreclosing, and reducing the mortgagee's already-diminished recovery, because it bars all but the mortgagee from re-foreclosing or reselling the property, and guarantees the mortgagee's priority in any proceeds. Put simply, the anti-merger rule gives a mortgagee first crack at any money generated by foreclosure on the property, ahead of any junior lienholders, until it has been paid what it is owed in full.

In this case, there is no clear evidence that ISC intended for there to be no merger, but the circumstances clearly support an inference of such intent. To borrow the language of the Tenth Circuit:

> By purchasing the property at the auction, the [mortgagee] intended to protect its lien, and perhaps junior lienholders, by preventing the proper-

---

1. The Indiana Land Title Association, Inc., presents us with a motion to appear as *amicus curiae* and a brief on rehearing. By separate order issued today, we granted ILTA's motion to appear as *amicus curiae* and ordered the Clerk of the Appellate Court to file the Amicus briefs. In its brief, the ILTA augments Deutsche Bank's issues with additional argument and citations to authority.

ty from being purchased at below market value. It would be an absurd result to conclude that the [mortgagee] intended to destroy its own lien ... by taking action that arguably benefited junior lienholders. Absent evidence to the contrary, we therefore presume that the [mortgagee] intended to preserve its lien.

805 F.Supp. at 1473–74 (citations omitted).

■ Deutsche Bank states in its petition: "Applying these principles to this case shows that merger did not occur and the Bank's first lien is preserved because otherwise the Bank's interest would be harmed." (Reh'g Petition at 4.) We agree. *See Brightwell*, 805 F.Supp. at 1473–74; *see also Ellsworth v. Homemakers Finance Serv., Inc.*, 424 N.E.2d 166, 168 (Ind.Ct.App.1981) ("merger does not necessarily follow from the acquisition of the land by the mortgagee where, for example, it would work an injustice or violate well established principles of equity"). Accordingly, on remand, Deutsche Bank and the three junior lienholders remain in the priority positions they had before to the first sheriff's sale.

■ On remand, we leave to the trial court the decision whether to order another sheriff's sale or provide another remedy equitable to the parties. The court could, as the rehearing parties note, simply give the junior lienholders an opportunity to purchase the property from the Deutsche Bank. *See, e.g., Hosford v. Johnson*, 74

Ind. 479, 1881 WL 6459 (Ind.1881) (explaining amount junior lienholder would need to pay to "redeem" the property). If the court decides to offer the junior lienholders an opportunity to redeem, the amount a junior lienholder should be required to pay is the "full amount payable under the mortgage," not the amount of the foreclosure judgment and not the amount the mortgagee bid at the first sheriff's sale. *See id.* (Where the mortgage included attorney fees as a cost of the mortgage, junior lienholders were required to reimburse for attorney fees, in addition to the principal and interest on the mortgage, because "the amount of redemption money to which [senior mortgagee] was entitled depended on the terms of the mortgage, and not on the foreclosure judgment, nor on the amount he paid at the sheriff's sale.").

With these clarifications,[2] we affirm our original opinion denying Deutsche Bank's request to simply remove the liens of the junior lienholders' from Deutsche Bank's title to the property.

FRIEDLANDER, J., and BRADFORD, J., concur.

---

**2.** ILTA also urges us to note that a portion of *Brightwell v. United States*, 805 F.Supp. 1464 (S.D.Ind.1992), upon which our original opinion did not rely, 805 F Supp. at 1474–75 (regarding priority rights when a foreclosing mortgagee sells the property to a third party), incorrectly states Indiana law. However, nothing in the record before us indicates Deutsche Bank transferred any of its rights to a third party. Because we do not issue advisory opinions, *see Community Hospitals of Ind., Inc. v. Estate of North*, 661 N.E.2d 1235, 1239 (Ind.Ct.App.1996) (Court of Appeals should not engage in "prospective and premature determination" of issues not raised by the facts), *trans. denied*, we decline to comment on another court's treatment of an issue not raised by the facts before us.