**Judy ELLIS, Appellant–Defendant,**

v.

**M & I BANK, Appellee–Plaintiff.**

No. 49A05–1107–CC–334.

Court of Appeals of Indiana.

Dec. 30, 2011.

---

William L. Schlosser, Schlosser & Schlosser, Indianapolis, IN, Attorney for Appellant.

David J. Jurkiewicz, Nathan T. Danielson, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Chief Judge.

*Case Summary and Issue*

Judy Ellis appeals the trial court's order granting M & I Bank immediate possession of real estate in which she has a leasehold interest. We restate the issue as whether the trial court properly denied the Ellises'[1] motion to correct error with regard to the order of possession. Concluding the order of possession was properly entered and the trial court therefore did not abuse its discretion in denying the motion to correct error, we affirm.

*Facts and Procedural History*

In October 2006, Robert and Judy Ellis owned real property on Bayhill Way in Indianapolis, Indiana. On October 31, 2006, the Ellises entered into a transaction with Bruce Gunstra Builders, Inc. ("BGB"), in which they quitclaimed the Bayhill Way property to BGB so BGB could pledge the property to First Indiana Bank for a line of credit. BGB leased the property back to the Ellises for five years, by which time BGB was to have paid off the line of credit and quitclaimed the property back to the Ellises. However, BGB defaulted on its line of credit, and in February 2009, M & I Bank, as successor in interest to First Indiana Bank, filed a complaint in Hamilton Superior Court against BGB and Robert Ellis seeking foreclosure of the Bayhill Way property.[2] A decree of foreclosure was entered in February 2010 against BGB and Robert Ellis.

In May 2010, the Ellises filed a petition for bankruptcy, which stayed the foreclosure proceedings as to them. In July 2010, the bankruptcy court granted M & I Bank relief from the stay, allowing it to proceed with the foreclosure. M & I Bank was the successful bidder at a sheriff's sale in September 2010 and was issued a Sheriff's Deed to the Bayhill Way property. The Hamilton Superior Court then issued a writ of assistance to M & I Bank commanding the Marion County Sheriff to evict any person in possession of the property and deliver immediate possession of the Bayhill Way property to M & I Bank. On February 25, 2011, however, the Hamilton Superior Court issued the following order:

> M & I appeared on 12–14–10 @ 9:00 A.M. by counsel, interested party Judy Ellis appeared in person and by counsel. The Court found that Judy Ellis had not been properly served in this cause. Writ of assistance remains stayed. Miss Ellis' interest in the property has not been extinguished by this action.

Appellant's Appendix at 58.[3]

On February 24, 2011, M & I Bank filed a complaint for eviction against Robert

---

1. Although only Judy's name appears on the briefs and other pleadings filed in this court, the order being appealed was entered as against both Robert and Judy, and both names appear on the Notice of Appeal. Indiana Appellate Rule 17(A) provides that "[a] party of record in the trial court ... shall be a party on appeal."

2. Many other parties and several other properties were also subject to the Hamilton County foreclosure action. Although the Bayhill Way property, the only property at issue in this appeal, is in Marion County, the foreclosure action was presumably filed in Hamilton County because some of the other properties on which M & I Bank sought foreclosure were situated in Hamilton County.

3. Notwithstanding the date of this order, it appears the Hamilton Superior Court stayed the writ of assistance at the time of the hear-

Ellis and Judy Ellis in Marion Superior Court, alleging that because the bankruptcy trustee did not assume their lease, the Ellises "have a mere possessory interest in the Real Estate and M & I [Bank] is entitled to evict [them]." *Id.* at 9. The Ellises objected to the complaint on the basis of the Hamilton County proceedings, but the Marion Superior Court entered an Order of Possession in favor of M & I Bank, finding that because the bankruptcy trustee did not timely assume the Ellises' lease, the Ellises "have a mere possessory interest in the Real Estate and M & I [Bank] is entitled to terminate that possessory interest by court order." *Id.* at 6. The Order gave M & I Bank immediate possession of the Bayhill Way property and ordered the Marion County Sheriff to remove the Ellises from the property. The trial court denied the Ellises' motion to correct error, and this appeal ensued.

### Discussion and Decision

#### I. Standard of Review

■ We will reverse a trial court's decision to grant or deny a motion to correct error only for an abuse of discretion. *Scheckel v. NLI, Inc.*, 953 N.E.2d 133, 136 (Ind.Ct.App.2011). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances, or if the trial court has misinterpreted the law. *Id.*

#### II. Order of Possession

■ The Ellises contend that the trial court abused its discretion in denying their motion to correct error and granting an order of possession to M & I Bank because, "[i]n effect, M & I Bank filed an untimely motion to reconsider [the Hamilton County stay], but filed it in another court in another county." Appellant's Brief at 8. The Ellises argue that because

ing in December 2010 and this order just

M & I Bank did not name Judy as a party or serve process on her in the Hamilton County foreclosure action, the Marion Superior Court does not have personal jurisdiction over her, and further argue that the Marion Superior Court is collaterally estopped from considering this action.

■ The premise of the Ellises' arguments conflates the foreclosure litigation and the eviction proceeding. M & I Bank, as mortgagee, pursued foreclosure of its mortgage in Hamilton County against the mortgagor and (ostensibly) all junior lienholders and other interests in various properties mortgaged by BGB. The foreclosure action proceeded to final judgment and M & I Bank took title to the Bayhill Way property via Sheriff's Deed due to BGB's default on the mortgage. The purchaser at a sheriff's sale steps into the shoes of the original holder of the real estate and takes such owner's interest subject to all existing liens and claims against it. *Deutsche Bank Nat'l Trust Co. v. Mark Dill Plumbing Co.*, 903 N.E.2d 166, 170 (Ind.Ct.App.2009) (quoting *Watson v. Strohl*, 220 Ind. 672, 687, 46 N.E.2d 204, 210 (1943)), *clarified on reh'g*, 908 N.E.2d 1273. M & I Bank filed the writ of assistance basically seeking to execute on the foreclosure judgment by removing the Ellises from the property. However, when "junior lienholders are not made parties, the foreclosure and sale cannot be enforced against them. . . . Where a mortgagee knows or should know that a person has an interest in property upon which the mortgagee seeks to foreclose, but does not join that person as a party to the foreclosure action, and the interested person is unaware of the foreclosure action, the foreclosure does not abolish the person's interest." *Citizens State Bank of New Castle v. Countrywide Home Loans, Inc.*, 949

memorialized and continued the stay.

N.E.2d 1195, 1199 (Ind.2011) (quoting *Deutsche Bank Nat'l Trust Co.,* 903 N.E.2d at 169–70); *see also Catterlin v. Armstrong,* 101 Ind. 258, 264 (1885) ("That the rights of a junior mortgagee, who was not made a party, are in no manner affected by the foreclosure of and sale on a senior mortgage, has been so often determined that this much may now be accepted as settled."). Because Judy was not named or served in the foreclosure action, the Hamilton Superior Court found Judy's interest was not extinguished by the foreclosure judgment and M & I Bank's interest in the property therefore remained subject to her leasehold interest until and unless further proceedings were held.[4]

■ When a junior lienholder has, for some reason, not been made a party to foreclosure litigation, one option for the party who has acquired title through the litigation to cut off the interest of the junior lienholder is strict foreclosure. *ABN AMRO Mortg. Grp., Inc. v. Am. Residential Servs., LLC,* 845 N.E.2d 209, 215 (Ind.Ct.App.2006).

A strict foreclosure proceeds upon the theory that the mortgagee, or purchaser, has acquired the legal title, and obtained possession of the mortgaged estate, but that the right and equity of redemption, of some judgment creditor, junior mortgagee, or other person similarly situate, has not been cut off or barred. In such a case, the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior incumbrancers to redeem.

Such persons have a mere lien upon, or an equity in, the land, which is subordinate to the right of the owner of the legal title. A statutory foreclosure, in such a case, would be manifestly inappropriate. The owner of the legal title may with propriety maintain a proceeding in the nature of a strict foreclosure, to bar the interest of persons who have a mere lien upon, or right of redemption in, the land.

*Id.* at 214–15 (quoting *Jefferson v. Coleman,* 110 Ind. 515, 517–18, 11 N.E. 465, 466–67 (1887)); *see also Loeb v. Tinkler,* 124 Ind. 331, 24 N.E. 235, 236 (1890) ("The appellee had obtained the legal title of the mortgagor in the land, and the appellants had only the right of redemption by reason of their marital relations with the purchasers at a sale on execution issued on a judgment which was junior to the mortgage; and, not having been made parties to the suit to foreclose the mortgage, the appellee had the right to a strict foreclosure against them."). A strict foreclosure action would require the filing of a new complaint, separate from the already-completed foreclosure. *Cf. ABN AMRO Mortg. Grp., Inc.,* 845 N.E.2d at 211 (explaining that mortgagor executed a deed in lieu of foreclosure to mortgagee in 2002; mortgagee subsequently filed a complaint for strict foreclosure against three parties who claimed to have existing liens against the property).

Rather than pursuing a strict foreclosure based on its senior mortgage, however, M & I Bank elected to proceed differently. As now-owner of the property, and therefore as the "Owner" referenced in the Lease Agreement with the Ellises, M & I

4. Although not raised by the parties and not relevant to our decision herein, we note that under this formulation, there could be a question about whether the foreclosure abolished Judy's interest, because although M & I Bank clearly knew about the Ellises' leasehold interest in the Bayhill Way property, given that it named Robert in the foreclosure action, it is doubtful that Judy was unaware of the foreclosure action, given that her husband and co-tenant was a named party.

Bank pursued eviction based on the lease. M & I Bank filed a complaint for eviction naming both Robert and Judy and served summonses on both of them. This action is separate and apart from the Hamilton County foreclosure action, in that the Hamilton County action was based on the mortgage documents BGB signed and the Marion County action is based upon the lease the Ellises signed. Moreover, the foreclosure action is completed as to the parties thereto. Therefore, the Ellises' assertion that the Marion County action is barred because the same action is pending in another court of this state is incorrect. *See Price v. Kuchaes*, 950 N.E.2d 1218, 1232 (Ind.Ct.App.2011) ("Collateral estoppel bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit."), *trans. denied.*

The Ellises also contend the Marion Superior Court did not have personal jurisdiction over Judy and therefore erred in entering the Order of Possession against her. The Ellises base this contention on the Hamilton Superior Court's lack of personal jurisdiction over her in the foreclosure action and their assertion that the Marion County eviction action is but a continuation of the Hamilton County foreclosure action. As discussed above, however, the Hamilton County proceedings are separate from the Marion County proceedings, and therefore the Hamilton Superior Court's jurisdiction (or lack thereof) over Judy is irrelevant to the Marion County action.

■■■ The existence of personal jurisdiction requires effective service of process on a defendant. *See Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind.Ct.App.2008). Barring that, a defendant can waive the lack of personal jurisdiction and submit herself to the jurisdiction of the court by responding or appearing and failing to contest the lack of jurisdiction. *Harris v. Harris*, 922 N.E.2d 626, 632 (Ind.Ct.App. 2010). The Chronological Case Summary indicates two summonses were served by certified mail. The Ellises appeared by counsel and filed an objection to M & I Bank's complaint for eviction that did not specifically object on the basis of lack of personal jurisdiction. In short, the Marion Superior Court had personal jurisdiction over the parties and did not err in this regard.

■■■ With no procedural bars to the Marion County action, we consider the merits of the trial court's decision. M & I Bank's complaint for eviction was based upon the fact that after the Ellises filed bankruptcy, the lease was not assumed by the bankruptcy trustee. Under section 365 of the Bankruptcy Code, a trustee may assume or reject an unexpired lease as part of the bankruptcy estate after a bankruptcy filing. 11 U.S.C. § 365(a). In a Chapter 7 bankruptcy, such as the Ellises filed, "if the trustee does not assume or reject an ... unexpired lease of residential real property ... within 60 days after the order for relief ... then such ... lease is deemed rejected." 11 U.S.C. § 365(d)(1). The trustee in the Ellises' bankruptcy did not move to assume or reject the lease within sixty days of the order for relief, and therefore the lease was deemed rejected. The rejection of the lease is treated as a breach of the lease that took place "immediately before the date of the filing of the petition...." 11 U.S.C. § 365(g)(1). Rejection of the lease is not a termination, but is a breach; therefore, the lease continues until termination by either party. *In re Miller*, 282 F.3d 874, 878 (6th Cir.

2002). M & I Bank's complaint for eviction seeks to do just that—terminate the lease due to the breach.[5] Accordingly, the trial court properly entered the Order of Possession in favor of M & I Bank based upon the lease, and properly denied the Ellises' motion to correct error.

### Conclusion

The Marion Superior Court had personal jurisdiction over Judy and was not collaterally estopped from hearing M & I Bank's eviction complaint. Because the lease was breached when the Ellises filed bankruptcy and the trustee did not assume the lease, M & I was entitled to terminate the lease and the trial court properly entered an order of possession. The trial court did not abuse its discretion in denying the Ellises' motion to correct error, and the judgment of the trial court is affirmed.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

---

5. The terms of the lease provide that filing of a petition in bankruptcy by the Ellises constitutes a default:

In the event of a default ..., Owner shall have the right, at it's [sic] sole discretion, to re-enter and take possession of the Leased Premises to clean and make repairs ... and to relet all or any party of the Leased Premises.... This Lease shall not terminate and Resident's obligations hereunder ... will continue, unless Owner, acting it its sole discretion, gives Resident express written notice to the contrary.

Appellee's Appendix at 3.