ROBB, Chief Judge,
dissenting.
I respectfully dissent. I begin to explain why by briefly describing the factual and legal context. Upon Cline’s release from incarceration, a state office required Cline to add his name and information to the sex offender registry. He later took the initiative to request the court remove[7] his name and information, alleging it was unlawful to require him to have registered at all. Following a hearing, the trial court agreed with Cline that authorities violated the Indiana Constitution by requiring he add his name and information to the registry in the first place. I agree, and the majority appears to as well.
The majority further concludes, though, that trial courts have no authority to correct this admitted constitutional violation by ordering the removal of an erroneous-registrant’s name and information from the registry. It is this latter conclusion from which I respectfully dissent.
Before going further, it is important to note what this case is not about. It is not about determining whether the registry requirement is an ex post facto law as applied to Cline. It is not about removing one’s name and information from the registry due to a change in the law that eliminates an offense for which one must register. For instance, it is not about one who initially registered pursuant to a statute requiring registry for a conviction of sexual misconduct with a minor and later seeks removal upon a statutory change so that one later convicted of that offense is not required to register. This case is also not about removal of one’s name and information from the registry or termination of the duty to register upon the passage of a period of time since he or she began registering. See Ind.Code § ll-8-8-19(a). Finally, this case is not about expungement of a conviction from one’s criminal history or record.
This is a case about whether a person who should not have had to but was erroneously required to add his name and information to the registry in the first place is entitled to relief in the form of having his name and information removed. The. backdrop is Wallace, in which our supreme court held that the sex offender registration act was unconstitutional as applied to one who committed his offense before the act was enacted. See 905 N.E.2d at 384. Specifically, the court held that it “violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed.” Id. The General Assem *1246 bly responded by amending Indiana Code section 11-8-8-22 to address the supreme court’s ex post facto concern.
Thus, this case is also about interpreting and applying section 11-8-8-22. This section is poorly written and confusing. Nevertheless, a logical reading of the following subsections of section 11-8-8-22 determines the fate of Cline’s petition.[8]
(b) Subsection (g) applies to an offender required to register under this chapter if, due to a change in federal or state law after June 30, 2007, an individual who engaged in the same conduct as the offender:
(1) would not be required to register under this chapter; or
(2) would be required to register under this chapter but under less restrictive conditions than the offender is required to meet.
(c) A person to whom this section applies may petition a court to:
(1) remove the person’s designation as an offender; ...
* * *
(g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:
(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.
(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:
(A) not be required to register as an offender; or
(B) be required to register as an offender, but under less restrictive conditions.
(3)If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.
The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.
Ind.Code § 11-8-8-22.
Subsection (c) states that the relief Cline seeks is available so long as the section applies to Cline. Subsection (b) states that a court may grant a petition to remove one’s designation as an offender, referring to subsection (g), if “a change in federal or state law” after a certain date resulted in particular consequences for others. Subsection (g) also describes a court’s authority regarding the registry when particular changes in the law occur.
The only way the repeated references to a “change in law” in section 11-8-8-22 make sense is if the section addresses the supreme court’s concern that some applications of the registry laws lead to violations of the Indiana Constitution’s ex post facto clause. If the statute—particularly subsection (c)—does not mean that a court may remove an offender’s name and information from the registry, then it has no meaning at all. “The goal of statutory construction is to determine, give effect to, and implement the intent of the General Assembly.” Sanders v. Bd. of Comm’rs of Brown Cnty., 892 N.E.2d 1249, 1252 (Ind.Ct.App.2008), trans. denied. “[I]n seeking to give effect to the legislature’s intent, we ... strive to give effect to all of the provi *1247 sions so that no part is held meaningless if it can be reconciled with the rest of the statute. We presume that our legislature intended for its language to be applied in a logical manner consistent with the statute’s underlying policy and goals.” Fort Wayne Patrolmen’s Benev. Ass’n, 903 N.E.2d at 497-98 (citations omitted).
Further, to the extent it is clear that section 11-8-8-22 is intended to address the Indiana Constitution’s prohibition of ex post facto laws, the authority to remove an offender’s name and information from the registry must rest with someone. Subsection (c) states that the authority rests with the trial court. The majority suggests Cline take up his cause with the Department of Correction. I believe the trial court is the appropriate authority, first because it is explicitly designated as such in subsection (c), and second because Cline’s allegation that his listing violates the Indiana Constitution is one which trial courts have the authority and legal training to address.
The majority also supports its decision, in part, by contending that removal of Cline’s name and information from the registry would be pointless because Cline’s convictions would remain part of the public record even if he receives the relief he seeks. This implies that the registry is not harmful or punitive, and perhaps is merely a replica of the already-public criminal history of offenders. Our supreme court concluded that the registry is punitive for its relative excessiveness, especially, as the majority points out, because as formulated at the time of Wallace, there was “no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure.” Op. at 1244 (quoting Wallace, 905 N.E.2d at 384). As the majority notes, section 11-8-8-22 might have partially or fully addressed this concern.
Regardless, the supreme court concluded the registry is punitive for other reasons too: because it “impose[s] substantial disabilities on registrants,” Wallace, 905 N.E.2d at 380, “resembles the punishment of shaming,” is “comparable to conditions of supervised probation or parole,” id. at 381, and it “promote[s] community condemnation of the offender,” id. at 382 (quotation omitted). Therefore, it is incorrect to suggest that removal of Cline’s name from the registry would be pointless. To the extent the majority construes Cline’s request as one to eliminate all punitive consequences associated with having committed his offenses, I believe that to be a different issue.
For these reasons, I respectfully dissent.

. The majority and the trial court refer to Cline’s request as one of expungement. While his request for removal of his name and information from the registry does constitute "expungement” in some form, ex-pungement is a term of art which refers to complete removal of an arrest from one’s criminal history retained by a local, regional, or state entity, see Ind.Code § 35-38-5-3, and limited access to one's criminal history upon the passage of fifteen years since the date of discharge from probation, imprisonment, or parole, see Ind.Code 35-38-5-5. Expungement is similar to what Cline requests regarding the sex offender registry, but the distinction is significant enough and the similarity is potentially confusing enough that I believe it important to use different nomenclature in discussing Cline's case. I refer to Cline’s request as one to remove his name and information from the sex offender registry, and conclude his petition does not seek expungement of his arrest or conviction from his criminal record.

. As to the principles governing our court's interpretation of a statute, I agree with the majority’s references to and reading of Avemco, Bowling, Fort Wayne Patrolmen's Benev. Ass’n, and Cox: See Op. at 1242.