**Mary JOHNSON, et al., Appellants,**

**v.**

**Ruth Ann MORGAN, as Personal Representative of the Estate of Martha R. Dietrich and as sole heir of the Estate of Martha R. Dietrich, Appellee.**

**No. 80A04–0606–CV–315.**

Court of Appeals of Indiana.

Aug. 17, 2007.

Steven A. Holt, Erika K. Kornowa, Holt, Fleck & Romine, Noblesville, IN, Attorneys for Appellants.

**1052**

Thomas J. Trauring, Kokomo, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

At issue in this interlocutory appeal is whether the Tipton Circuit Court erroneously joined the Appellants as defendants in a will contest under Indiana Code section 29-1-7-17. We reverse and remand for proceedings consistent with this opinion.

### Facts and Procedural History

On September 20, 2005, the Tipton Circuit Court admitted to probate the will of Martha Dietrich ("Dietrich"). Ruth Ann Morgan ("Morgan"), one of Dietrich's nieces, was appointed personal representative. Dietrich was unmarried and without children at the time of her death. Her will, dated March 7, 2002, left her entire estate to her niece Morgan. The will specifically did not leave anything to Dietrich's other eighteen nieces and nephews.

On November 21, 2005, two of Dietrich's nephews, Charles Wesson and John Wesson ("the Wessons") filed a Verified Complaint to Contest Purported Will of Martha R. Dietrich, contending that Dietrich lacked the testamentary capacity to execute a will due to dementia and that she had been unduly influenced by Morgan. They named Morgan the defendant of their action.

Mary Johnson et al., ("Johnson"), other nieces and nephews of Dietrich, filed a motion to intervene on December 16, 2005. The trial court granted this motion on December 19th. On January 16, 2006, Morgan moved to dismiss Johnson's complaint of intervenor, contending that she had filed this motion outside of the three-month statute of limitations for will contests. The trial court held a hearing on the motion on March 21, 2006, and dis-missed Johnson from the lawsuit with prejudice on March 23rd.

On April 10, 2006, Johnson filed a motion for relief from judgment, which was denied on April 17th. Johnson then filed a motion for reconsideration of the March 23rd order of dismissal, which was granted in part on July 18, 2006. This order stated, in part:

> [T]he court now finds that the Intervening Plaintiff's Motion should be granted in part. The court finds that the Intervening Plaintiffs should be named as defendants to the action pursuant to I.C. 29-1-7-17.

Appellant's App. p. 113. The trial court then ordered the Wessons to amend their complaint to name Johnson as a defendant. Johnson moved the trial court for certification of the July 18th order as a final order, which the trial court granted. Johnson now appeals, contending that the trial court improperly joined her as a defendant rather than as a plaintiff in the will contest. Additional facts will be provided as necessary.

## I. Joinder of Johnson as a Defendant

An action to set aside the probate of an alleged will is purely statutory and can only be brought and successfully maintained in the manner and within the limitations prescribed by statute. *Cook v. Loftus,* 414 N.E.2d 581, 584 (Ind.Ct.App. 1981). This interlocutory appeal raises the issue of whether the trial court properly joined the appellants as defendants in the will contest pursuant to Indiana Code section 29-1-17-7. When deciding questions of statutory interpretation, appellate courts need not defer to a trial court's interpretation of the statute's meaning. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). Rather, we independently review the statute's meaning and apply it to the facts of the

case under review. *Id.* When the language in a statute is ambiguous or uncertain, we may look not only to the language, but also to the nature and subject matter of the act and the object to be accomplished thereby in ascertaining the legislative intent. *Allen Co. Dept. of Pub. Welfare v. Ball Memorial Hospital,* 253 Ind. 179, 184, 252 N.E.2d 424, 427 (1969).

■ Indiana Code section 29–1–7–17 (1999) provides, in part:

Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing.... The executor and all other persons beneficially interested in the will shall be made defendants to the action.

Johnson contends that because she was disinherited by Dietrich, she is not a person "beneficially interested in the will," and therefore should not have been made a defendant to the will contest. We agree.

This section of the Indiana Code has been interpreted as requiring the executor, trustees, and beneficiaries under a contested will to be defendants to the action. Cook, 414 N.E.2d at 586. In *Cook,* our court concluded that Indiana Code section 29–1–7–17 was ambiguous and unclear as to whether non-contesting heirs at law are "persons beneficially interested therein" as provided by the statute and consequently necessary parties to a will contest. We concluded that due to the nature of a will contest, the only question properly involved in a proceeding to resist the probate of a will or to contest its validity is whether the instrument is the will of the testator. *Id.* at 587 (citing *Hamilton v. Huntington,* 223 Ind. 143, 58 N.E.2d 349 (1944)). Our court noted, "[i]t is quite clear, given the nature of a will contest, that the action is not a general action to determine any and every individual's claim in the decedent's estate. Its sole purpose is to determine the validity of the will." *Id.*

Johnson is not beneficially interested in the will, and therefore, like the plaintiffs, she alleges that the will is invalid. As Johnson observes, joining her as a defendant in this cause at least superficially aligns her interests with those of the personal representative, Morgan. Br. of Appellant at 13. Such a joinder would certainly confuse the order and burdens of proof at trial and would also confuse any fact-finder as to who is claiming the will is invalid.

■ Joining Johnson as a defendant conflicts with Indiana Rule of Trial Procedure 20(A)(2) (2007) as well, which provides in part that "[a]ll persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction." The Wessons have not asserted any right to relief against Johnson; rather, Johnson has asserted a right to relief against Morgan for allegedly unduly influencing Dietrich. Therefore, because the purpose behind a will contest is to determine whether the will is valid, and because there has been no claim of a right to relief against Johnson, the trial court erroneously joined Johnson as a defendant in this will contest.

## II. Timeliness of Johnson's Complaint

■ Morgan contends that Johnson is precluded from contesting Dietrich's will as a plaintiff because she did not timely tender a summons for Morgan to the cir-

cuit court.[1] Indiana Code section 29–1–7–18 provides that "[W]hen an action is brought to contest the validity of any will ... notice is served upon the defendants in the same manner as required by the Indiana Rules of Trial Procedure." Indiana Rule of Trial Procedure 4 (2007) provides that the trial court "acquires jurisdiction over a party or person who under [the Rules] commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." Morgan contends that Johnson did not properly obtain service of summons within the three-month time frame provided for under the statute.

It is uncontested that Johnson's attorney filed a summons directed to the wrong attorney, Ben Hobbs on December 16, 2005. Ben Hobbs had never filed an appearance in this case. Thomas J. Trauring was Morgan's attorney in the matter and had filed an appearance for her on December 8, 2005. Morgan contends that because the summons tendered to the trial court was not appropriately addressed to the attorney of record, Johnson failed to properly tender a summons to the trial court by the three-month time frame. We disagree.

■ In *Ray–Hayes v. Heinamann,* 760 N.E.2d 172, 174 (Ind.2002), our supreme court held that a civil action is not timely commenced if the plaintiff files a complaint within the applicable statute of limitations but does not tender summons to the clerk within that statutory period. Clearly, Johnson did tender a summons to the trial court within the applicable statutory period. Whether the summons was actually *issued* to the correct attorney is of no matter under the *Ray–Hayes* precedent.[2] "[I]ssuance of summons is beyond the plaintiff's control as it must be completed by the clerk. To hold otherwise would deny the [contestors] their statutory right to contest the will based upon the independent actions of the clerk's office." *Milligan v. Denham,* 553 N.E.2d 1265, 1266 (Ind.Ct.App.1990), *opinion adopted by* 563 N.E.2d 595 (Ind.1990).

Furthermore, we note that Johnson filed her complaint as an intervening party, and therefore her complaint was not the initial complaint. In *Estate of Helms v. Helms–Hawkins,* 804 N.E.2d 1260, 1265 (Ind.Ct. App.2004), *trans. denied,* we concluded that "an interested party may join a will contest after the time for filing a will contest has lapsed, so long as the action being joined was initiated before the statutory period." We relied in large part on *State ex rel. Matheny v. Probate Court of Marion County,* 239 Ind. 518, 159 N.E.2d 128 (1959), where our supreme court held that a necessary party could be added to a will contest after the expiration of the statutory time for filing such contest. Our supreme court's ruling in *Matheny* was based in large part upon a passage from a nineteenth-century Indiana case addressing essentially the same issue:

> Where a petition of [a will] contest is filed within the statutory period of limitation although only part of the persons

1. Morgan also maintains that because Johnson did not address the issue of whether the trial court properly dismissed her Intervenor's Complaint as untimely, it is waived. Because this issue is intricately linked with whether Johnson should have been named as a plaintiff to the proceeding rather than a defendant under Indiana Code section 29–1–17–7, we address it.

2. *But see Smith v. Mitchell,* 841 N.E.2d 215, 217 (Ind.Ct.App.2006) (holding that the trial court never acquired jurisdiction over the will contest due to sister's failure to tender a "proper summons" to interested parties).

interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired. If any person interested appears, and in good faith files his petition for a contest, the statutes entitle him to a trial, and the verdict of a jury, touching the validity of the will, and that verdict will be binding upon all parties who may be before the court as such, at the time of its rendition. The interest of the parties is joint and inseparable. Substantially this is a proceeding *in rem,* and the court can not take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all. The case belongs to that class of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be quite well settled law, that the preference will in such cases be given to the right of action, and not to the right of limitation. The right to sue is a favored right and is guaranteed by constitutional provision while the right of limitation generally meets with more or less disfavor.

*Floyd v. Floyd,* 90 Ind. 130, 133–34 (1883) (citation omitted).

There has been no contention that the Wessons failed to file a complaint naming Morgan as the defendant within the three-month time frame. Consequently, the trial court acquired jurisdiction over the will contest with the filing of this complaint, and the right of action was saved as to all interested parties. Therefore, Johnson's status as a party to the proceeding is not defeated merely by virtue of the fact that she failed to properly obtain service within the three-month time period.

### Conclusion

The trial court erroneously added Johnson as a defendant to the action. Because Johnson tendered a summons within the statutory time frame and because the Wessons had already commenced the will contest, Johnson's motion to intervene is not precluded by the three-month statutory period contained in Indiana Code section 29–1–7–18. Therefore, we reverse and remand with instructions that Johnson et al be named as a plaintiff in this will contest.

Reversed and remanded for proceedings consistent with this opinion.

DARDEN, J., and KIRSCH, J., concur.