# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**ROBERT M. OAKLEY**
**DANIEL K. DILLEY**
Dilley & Oakley, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUSTIN G. PITTMAN, | ) | |
| | ) | |
| | ) | |
| Appellant/Cross-Appellee-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A05-1305-CR-243 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee/Cross-Appellant-Respondent. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Rebecca McClure, Judge
Cause No. 06D02-0010-CM-654

**April 30, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Austin G. Pittman ("Pittman") filed a petition in Boone Superior Court to restrict access to the record of his criminal conviction, which the trial court denied. Pittman appeals and presents one issue, which we restate as: whether the statute regarding the restriction of access to criminal records prohibited the trial court from restricting access to Pittman's record because Pittman had violated the terms of his probation in the conviction at issue. The State cross-appeals and claims that this court is without jurisdiction to consider Pittman's appeal. Concluding that we have jurisdiction and that the trial court did not err in denying Pittman's petition, we affirm.

## Facts and Procedural History

On December 11, 2000, Pittman was convicted of Class C misdemeanor operating a vehicle while intoxicated ("OWI") with a blood alcohol concentration ("BAC") of .10 or more. The trial court subsequently sentenced Pittman to sixty days, with credit for time served; the trial court suspended the remaining portion of the sentence, and ordered Pittman to serve one year of supervised probation. The terms of Pittman's probation included that he abstain from the consumption of alcohol and obey all laws.

On March 20, 2001, the State filed a notice of probation violation alleging that Pittman had been arrested and charged in another cause with Class D felony OWI with a BAC of .10 or more. Pittman was subsequently convicted of this charge, and on June 26, 2001, admitted to having violated the terms of his probation in the first cause. As a result, the trial court extended Pittman's probation for one year. On July 10, 2002, Pittman was released from probation.

More than ten years later, on March 21, 2013, Pittman filed a verified petition to restrict access to the record of his conviction for Class C misdemeanor OWI. Pittman served a copy of his petition on the local prosecutor's office. The trial court held a hearing on Pittman's petition on May 2, 2013, and four days later entered an order denying Pittman's petition. The trial court concluded that Pittman was not eligible for the relief he sought because he had been convicted of a subsequent OWI offense after his initial OWI conviction.

Pittman filed a notice of appeal on May 23, 2013, and the notice of completion of clerk's record was entered on May 29, 2013, at which point this court acquired jurisdiction. See Ind. Appellate Rule 8 ("The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary."). Pittman filed his Appellant's Brief on August 22, 2013, but served a copy of his brief only on the local prosecutor's office, not the office of the Indiana Attorney General. As a result, the State did not file an Appellee's Brief. Accordingly, this court ordered Pittman to serve a copy of his brief on the Attorney General and ordered the Attorney General to file a brief no later than January 29, 2014. Instead of filing its brief on that date, the State, now represented by the Attorney General, filed a motion to dismiss Pittman's appeal for lack of jurisdiction. In the last sentence of its motion to dismiss, the State requested that, if this court denied the motion to dismiss, that the State be given fifteen additional days to respond to Pittman's brief. We subsequently denied the State's motion to dismiss, but granted the State additional time, until March 5, 2014, to file its brief. On that date, the State finally filed its brief.

# I. State's Cross-Appeal

In its cross-appeal, the State repeats the argument made in its earlier motion to dismiss, i.e., that this court is without jurisdiction to consider Pittman's appeal. The State claims that, because Pittman did not serve his petition on the Attorney General and the Indiana State Police Central Depository, the trial court had no personal jurisdiction over the State and that, therefore, the trial court's order is void for lack of jurisdiction. The State claims that, because the trial court's order was entered without jurisdiction, this court is without jurisdiction to hear this appeal. We disagree.

This argument has already been considered by this court and rejected in our ruling on the State's motion to dismiss. Although we may reconsider our previous rulings on motions, we decline to do so in the absence of clear authority establishing that our earlier ruling was erroneous as a matter of law. State v. Sagalovsky, 836 N.E.2d 260, 264 (Ind. Ct. App. 2005). As set forth below, the State has not convinced us that our initial ruling was erroneous as a matter of law.

First, Pittman's petition was simply an additional filing in his criminal case and did not initiate a new, free-standing cause of action. Indiana Code section 35-38-8-3 provides that, eight years after the date a defendant completes his sentence and satisfies any other obligation imposed as a part of the sentence, "*the person may petition a sentencing court* to order the state police department to restrict access to the records concerning the person's arrest and involvement in criminal or juvenile court proceedings." (emphasis added) There is nothing in this section, or the remaining sections of Indiana Code chapter 35-38-8, that would indicate that Pittman created a new

4

cause of action when he petitioned the trial court to restrict access to the records of his conviction. Instead, he merely filed a petition in the already-existing criminal case. Accordingly, the provisions of Indiana Trial Rule 4.6(A) regarding service were not triggered, and Pittman was required only to serve the petition on those that the Rules of Criminal Procedure required him to, i.e., the prosecuting attorney of record. See Ind. Crim. Rule 18 (providing that, unless the trial court provides otherwise, "a copy of every pleading and motion, and every brief submitted to the trial court, except trial briefs, shall be served personally or by mail on or before the day of the filing thereof upon each attorney or firm of attorneys appearing of record for each adverse party."). Here, the record clearly indicates that Pittman served his petition on the Boone County Prosecutor, thereby discharging his duties under Criminal Rule 18.

Furthermore, even if we were to agree with the State that Pittman's petition was a new cause, the State acknowledges that Indiana Code chapter 35-38-8 is silent on the issue of who to serve. See Appellee's Br. p. 5. Indiana Code section 35-38-8-3 does require the trial court, if it grants a petition, to order the "state police department" to restrict access to the pertinent records. But we decline to read this as a requirement that the State Police be served.

But more importantly, even if we were to agree with the State that the trial court lacked personal jurisdiction over the State, this does not mean that *this court* is without jurisdiction to hear Pittman's appeal. Both this court and the Indiana Supreme Court have issued numerous opinions in which we concluded that the trial court lacked personal jurisdiction. See, e.g., LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 970 (Ind. 2006);

5

Laflamme v. Goodwin, 911 N.E.2d 660 (Ind. Ct. App. 2009); Keesling v. Winstead, 858 N.E.2d 996, 1008 (Ind. Ct. App. 2006); Johnston v. Johnston, 825 N.E.2d 958, 965 (Ind. Ct. App. 2005); Randle El v. Beard, 795 N.E.2d 462, 468 (Ind. Ct. App. 2003).

If the State were correct that the trial court's lack of personal jurisdiction deprived appellate courts of jurisdiction, then the cases cited above should have been dismissed. Instead, these cases addressed the jurisdictional issues on the merits and held that the *trial court* lacked personal jurisdiction. So long as the appellant timely files a notice of appeal, and the notice of completion of the clerk's record is entered, the court on appeal has appellate jurisdiction. See Ind. Appellate Rules 8, 9. Simply said, the trial court's alleged lack of personal jurisdiction does not deprive the court on appeal of jurisdiction.[1] Accordingly, we reaffirm our earlier decision rejecting the State's argument that Pittman's appeal should be dismissed. We now therefore turn to the merits of Pittman's appellate argument.

## II. Pittman's Appeal

Pittman claims that the trial court misinterpreted the relevant statute when it denied his petition to restrict access to the records of his prior OWI conviction. The interpretation of statutory language is a pure question of law we review *de novo* and therefore need not defer to the trial court's interpretation. Sanders v. Bd. of Comm'rs of Brown County, 892 N.E.2d 1249, 1252 (Ind. Ct. App. 2008); Johnson v. Morgan, 871 N.E.2d 1050, 1052-53 (Ind. Ct. App. 2007). Our goal in construing a statute is to

---

[1] Of course, if the trial court lacked personal jurisdiction over one of the parties, our appellate jurisdiction would be limited to determining the question of the trial court's jurisdiction, and we could not consider the merits of the appeal.

determine, give effect to, and implement the intent of our General Assembly. Sanders, 892 N.E.2d at 1252 (citing Sales v. State, 723 N.E.2d 416, 420 (Ind. 2000)). We presume the General Assembly intended that the language used in the statute be applied logically and not to bring about an unjust or absurd result. Id. Statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme. Id.

To determine the intent of the legislature, we examine the statute as a whole and also read sections of an act together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. Id. (citing City of N. Vernon v. Jennings Nw. Reg'l Utils., 829 N.E.2d 1, 4 (Ind. 2005)). The best evidence of legislative intent is the language of the statute itself. U.S. Steel Corp. v. N. Ind. Pub. Serv. Co., 951 N.E.2d 542, 552 (Ind. Ct. App. 2011). Accordingly, we must give all words their plain and ordinary meaning unless otherwise indicated by statute. Id. When the language in a statute is ambiguous or uncertain, we may look not only to the language, but also to the nature and subject matter of the act and the object to be accomplished thereby in ascertaining the legislative intent. Johnson, 871 N.E.2d at 1053. If, however, the statutory language is clear and unambiguous on its face, we will give such a statute its apparent and obvious meaning. U.S. Steel, 951 N.E.2d at 552.

At issue here are Indiana Code sections 35-38-8-3 and 35-38-8-4.[2] The first of these sections provides:

---

[2] Indiana Code chapter 35-38-8 was repealed effective July 1, 2013, and replaced with Indiana Code chapter 35-38-9. See Ind. Pub. Law 159-2013 §§ 3-4. Because Chapter 8 was still in effect when the trial court ruled on Pittman's petition, we apply it to address Pittman's current claims.

Eight (8) years after the date a person completes the person's sentence *and satisfies any other obligations imposed on the person as a part of the sentence*, the person may petition a sentencing court to order the state police department to restrict access to the records concerning the person's arrest and involvement in criminal or juvenile court proceedings.

I.C. § 35-38-8-3 (emphasis added). The following section sets forth the findings the trial court must make before granting such a petition:

The court shall grant a petition under this chapter if the court finds:
(1) the person is:
    (A) not a sex or violent offender; or
    (B) a sex or violent offender, but the offender's status as a sex or violent offender is solely due to the offender's conviction for sexual misconduct with a minor (IC 35-42-4-9) and the offender proved that the defense described in IC 35-42-4-9(e) applies to the offender;
(2) the person was:
    (A) convicted of a misdemeanor or a Class D felony that did not result in injury to a person; or
    (B) adjudicated a delinquent child for committing an offense that, if committed by an adult, would be a misdemeanor or Class D felony not resulting in injury to a person;
(3) eight (8) years have passed since the person completed the person's sentence *and satisfied any other obligation imposed on the person as part of the sentence*; and
(4) *the person has not been convicted of a felony since the person completed the person's sentence and satisfied any other obligation imposed on the person as part of the sentence.*

I.C. § 35-38-8-4 (emphasis added).

Here, the trial court concluded that Pittman did not qualify to have access to the records of his prior OWI conviction restricted because he failed to "satisfy any other obligation imposed on the person as part of the sentence" as required by the statutes governing the procedure. Specifically, the trial court noted that Pittman had violated the terms of his probation by committing another OWI offense and concluded that this meant

that Pittman did not satisfy the obligation imposed as part of his sentence because of his subsequent conviction and the resulting probation violation. We agree.

Indiana Code sections 35-38-8-3 and 35-38-8-4 clearly and unambiguously require that, before a trial court may restrict access to records of a person's conviction, the person must have "satisfied *any* other obligation imposed on the person as part of the sentence." (emphasis added). Here, as part of Pittman's sentence, he was placed on supervised probation. The terms of his probation included that he abstain from alcohol and not commit any new criminal offenses. Instead of satisfying these obligations, Pittman drank alcohol, drove while intoxicated, and was subsequently convicted for another OWI offense, this time a Class D felony, which resulted in his admission that he violated the terms of his probation. We therefore agree with the trial court that Pittman did *not* satisfy all obligations imposed on him as part of his sentence.

Pittman, however, claims that violation of the terms of his probation is not the same as satisfying the obligations imposed as part of his sentence. In support of this argument, Pittman refers to the recently-enacted Indiana Code chapter 35-38-9, which replaced the now-repealed chapter 35-38-8 which governed Pittman's petition. See note 1, supra. Subsection 2(d) of this chapter provides that a trial court may expunge a person's conviction records only if, *inter alia*, the court finds "the person has successfully completed the person's sentence, *including any term of supervised release*, and satisfied all other obligations placed on the person as part of the sentence." I.C. § 35-38-9-2(d)(4) (emphasis added). Pittman notes that current Subsection 35-38-9-2(d)(4) and former Subsection 35-38-8-4(3) contain similar language but that Subsection 9(2)(d)(4) contains

9

the additional language, "including any term of supervised release." Pittman therefore concludes that successfully completing the terms of supervised release is now a condition for expungement under the current statutes, but was not a condition for restricting access to conviction records under the old statute. We disagree.

First, the new expungement provisions of Chapter 9 completely replaced the old provisions of Chapter 8 regarding restriction of access to otherwise public records. Therefore, we do not consider these statues to be *in pari materia.* Still, we acknowledge that the language of the new expungement statute explicitly states that a convicted person must have successfully completed that person's sentence, *including the terms of supervised release*, e.g. the terms of probation. However, this does not necessarily mean that the former statute applicable in the case before us allowed restriction of access to the conviction records of someone who committed another crime while on probation. Indiana Code sections 35-38-8-3 and 35-38-8-4 clearly required that the convicted person must have "satisfied *any* other obligation imposed on the person as part of the sentence." (emphasis added). As noted above, we think that the obligations imposed in the terms of probation falls within the broad phrase "*any* other obligation imposed on the person as part of the sentence."

Indeed, to conclude otherwise would mean that one who is convicted of another crime while on probation still may still "satisfy" the obligations imposed upon him as part of his sentence. We think that the intent of the General Assembly, as indicated by the statutory language and framework, was to allow those persons who had successfully completed their sentences without incident to petition the court after the passage of eight

years to restrict access to the records of their conviction. By identifying the class of convicted persons who were eligible for this privilege to those who had successfully satisfied *any* obligation imposed as part of the sentence, the General Assembly indicated its intention to reward those who had complied with all sentencing terms, which includes probation terms. To accept Pittman's argument would extend this privilege to those who flagrantly violated the terms of their probation by committing another crime while on probation, as Pittman himself did. The fact that the new expungement statutes may clarify and loosen the restrictions of the older provisions of Chapter 8 does not mean that the quite different language of the new statutes is available to those like Pittman who flagrantly violated the terms of their probation.

## Conclusion

We reject the State's argument that Pittman's appeal should be dismissed. We conclude, however, that because Pittman committed another crime while on probation, he failed to satisfy the obligations imposed as a part of his sentence, and he did not qualify to have access to his conviction records restricted under Indiana Code Chapter 35-38-8. Accordingly, the trial court did not err in denying Pittman's petition to restrict access to the records of his prior OWI conviction.

Affirmed.

BRADFORD, J., and PYLE, J., concur.

11