# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN ALDEN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 30A05-1309-MI-463 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Dan E. Marshall, Judge
Cause No. 30D02-1306-MI-1044

**May 27, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

John Alden ("Alden") appeals the trial court's denial of his motion to prohibit the release of his criminal record.

We reverse and remand.

## ISSUE

Whether the trial court abused its discretion when it denied Alden's motion to prohibit the release of his criminal record.

## FACTS

In November of 1992, the State charged Alden in Hancock County with Class D felony operating a vehicle while intoxicated. Alden pled guilty to the charge on June 1, 1993, and completed his sentence on or around August 16, 1995. Subsequently, in 1998, an Illinois court convicted him of misdemeanor operating a vehicle while intoxicated. Alden claims that he has not received any convictions since.

On June 4, 2013, Alden filed a motion to prohibit the release of his criminal record. He argued that he met the requirements of Indiana Code § 35-38-8-5, which at the time allowed courts to restrict access to the conviction records of qualifying offenders eight years after they completed their sentences. Alden served his motion on the Hancock County Prosecutor but not any other State entities. Shortly after Alden filed the motion, the Indiana Legislature repealed Indiana Code § 35-38-8-5.

On August 14, 2013, the trial court held an evidentiary hearing on Alden's motion. At the hearing, the trial court expressed concern that Alden had not served state agencies with notice of process even though he sought to enjoin those agencies from releasing his

2

record. As a result, on August 20, 2013, the trial court denied the motion on the grounds that: (1) Alden had failed to provide notice to certain state agencies; and (2) the Legislature had repealed Indiana Code § 35-38-8-5. Alden now appeals. We will provide additional facts as necessary.

## DECISION

On appeal, Alden disputes both of the trial court's conclusions. He argues that he was not required to serve notice to affected state agencies because he served notice to a deputy prosecutor, which constituted notice to the State. In response, the State reiterates the trial court's conclusion that Alden was required to serve notice to the entities impacted by his motion—in particular the Attorney General and the Indiana State Police Central Repository ("ISPCR"). Second, Alden argues that the trial court abused its discretion when it denied his motion as a result of the Legislature's repeal of the statute. He contends that the repeal should have a prospective, rather than retroactive, effect. Except for a brief statement in a footnote, the State does not address the merits of this second argument and focuses solely on the issue of proper notice.

A. Notice

The State's notice argument is a threshold procedural issue we must resolve before addressing the merits of whether the Legislature's repeal of Indiana Code § 35-38-8-5 should have retroactive effect. Whether Alden was required to serve notice to state agencies is a question of law. We evaluate questions of law under a de novo standard and do not owe any deference to the trial court's legal conclusions. *McCown v. State*, 890 N.E.2d 752, 756 (Ind. Ct. App. 2008).

Indiana Code § 35-38-8-5 did not explicitly identify which parties were required to receive notice of a petition to restrict access to conviction records. However, the State contends that Indiana Code § 35-38-8-3 named the Indiana State Police as an adverse party. The statute stated that

> [e]ight (8) years after the date a person completes the person's sentence and satisfies any other obligations imposed on the person as a part of the sentence, the person may petition a sentencing court to order *the state police department* to restrict access to the records concerning the person's arrest and involvement in criminal or juvenile court proceedings.

I.C. § 35-38-8-3 (emphasis added). By extension, the State notes that Indiana Trial Rule 4.6(A)(3) requires service on the executive officer of a state governmental organization and the Indiana Attorney General when a state governmental organization is a party to an action. Accordingly, the State contends that Alden was required to serve the Attorney General on behalf of the state police department. The State also identifies the ISPCR as a necessary party requiring notice because the ISPCR is the proper repository for official state criminal history data under Indiana Code § 10-13-3-24.

While the Attorney General and ISPCR are entities that have an interest in Alden's motion, we recently—and after the initiation of this appeal—held that Indiana Code § 35-38-8-3 did not require petitioners to serve notice on either the Attorney General or the ISPCR. *Pittman v. State*, __N.E.3d__, No. 06A05-1305-CR-243, 2014 WL 1711011 (Ind. Ct. App. April 30, 2014). In *Pittman*, Pittman filed a petition under Indiana Code § 35-38-8-3 to restrict access to the record of his criminal conviction, and the trial court denied the petition because it found that he did not meet the statutory prerequisites for Indiana Code § 35-38-8-3. *Id.* at *1, *2. Pittman appealed, and, in a cross-appeal, the

4

State argued that Pittman had failed to serve proper notice to the State because he had not served the Attorney General and the ISCPR. *Id.* at \*2. We disagreed with the State on the basis that "Pittman's petition was simply an additional filing in his criminal case and did not initiate a new, free-standing cause of action." *Id.* Consequently, Indiana Criminal Rule 18 rather than Indiana Trial Rule 4.6(A) governed Pittman's service requirements. *Id.* Indiana Criminal Rule 18 states that unless the trial court provides otherwise, "a copy of every pleading and motion, and every brief submitted to the trial court, except trial briefs, shall be served personally or by mail on or before the day of the filing thereof upon each attorney or firm of attorneys *appearing of record for each adverse party*." *Id.* (emphasis added). Based on this rule, we concluded that it was sufficient that Pittman, who had been convicted in Boone County, had served notice on the Boone County Prosecutor. *Id.*

The State's argument here mirrors its argument in *Pittman*. Alden served the Hancock County Prosecutor but not the Attorney General or the ISPCR. Consequently, as in *Pittman*, the State argued that he did not properly serve notice to necessary parties. For the same reasons we articulated in *Pittman*, we do not find this argument persuasive. Alden's motion was a new filing with respect to his criminal conviction rather than a new cause of action. As such, he fulfilled the notice requirements of Indiana Criminal Rule 18 by serving the Hancock County Prosecutor, the adverse party "of record." *See id.*

B. Repeal

As we have found that Alden's notice was sufficient, we must determine whether the trial court abused its discretion in denying his motion on the basis that the Legislature

5

repealed Indiana Code § 35-38-8-3. Again, this is a question of law that we will review de novo. *See Thomison*, 858 N.E.2d at 1055.

In support of his contention that his right to move the trial court to restrict his criminal records survived the Legislature's repeal of Indiana Code § 35-38-8-3, Alden cites *Gosnell v. Ind. Soft Water Serv., Inc.*, 503 N.E.2d 879, 880 (Ind. 1987), *superseded by statute on other grounds*, for the principle that legislative changes should be applied prospectively, rather than retroactively. However, the State correctly notes that *Gosnell* concerned the issue of retroactive application after the *enactment* of a new statute rather than the *repeal* of a statute. Instead, we find Indiana Code § 1-1-5-6 dispositive. Section 1-1-5-6 "applies to the repeal of a statute or part of a statute that has expired," and provides that "[t]he repeal does not affect the validity of an action taken under the statute or part of the statute before its expiration." I.C. § 1-1-5-6. While Indiana courts have never interpreted this provision of the Indiana Code, its plain language indicates that a party has a right to pursue an action allowed by statute even if that statute is later repealed, as long as the party undertakes the action prior to the repeal. Accordingly, because Alden filed his motion before the Legislature repealed Indiana Code § 35-38-8-3, we conclude that the repeal did not affect the validity of his action. Thus, the trial court abused its discretion when it denied his motion on the basis that the Legislature had repealed the statute. We remand to the trial court for the trial court to consider the merits of Alden's motion.

Reversed and remanded.

FRIEDLANDER, J., and MATHIAS, J., concur.

6