# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 28 2014, 9:47 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CRAIG ALVEY, | ) |
| | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )  No. 20A04-1310-MI-533 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David C. Bonfiglio, Judge
Cause No. 20D06-1307-MI-134

**May 28, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Craig Alvey ("Alvey") appeals the Elkhart Superior Court's denial of his petition to expunge the records of his conviction. On appeal, Alvey claims that the trial court erred in concluding that Alvey could not have the records of his conviction expunged because Alvey had violated the terms of his probation.

We affirm.

**Facts and Procedural History**

On January 24, 2007, Alvey pleaded guilty to Class D felony possession of cocaine and was sentenced to eighteen months, all suspended to probation. On July 18, 2007, Alvey admitted to violating the terms of his probation, and the trial court sentenced him to "20 days to be served 5 COWP Weekends." Appellant's App. p. 17. On February 22, 2008, Alvey again admitted to violating the terms of his probation. This time, the trial court imposed the balance of Alvey's previously-suspended sentence and recommended that it be served in Community Corrections. Alvey was accepted into the Community Corrections program, where he served the remainder of his sentence. Alvey completed his sentence on September 18, 2008. On September 12, 2012, Alvey successfully petitioned to have his Class D felony conviction reduced to a Class A misdemeanor.

On July 2, 2013, Alvey filed a petition to expunge the records of his Class A misdemeanor conviction. Alvey claimed that he had successfully completed his sentence and was therefore eligible for expungement. The State disagreed and noted that Alvey had twice admitted to violating the terms of his probation. After a hearing on the matter, the trial court denied Alvey's petition on October 1, 2013. Alvey now appeals.

2

**Standard of Review**

Here, the parties do not dispute the operative facts and argue only whether the relevant expungement statute is applicable to these facts. Thus, the question before us is one of statutory interpretation. The interpretation of statutes is a pure question of law we review *de novo*, and we therefore need not defer to the trial court's interpretation. Sanders v. Bd. of Comm'rs of Brown County, 892 N.E.2d 1249, 1252 (Ind. Ct. App. 2008); Johnson v. Morgan, 871 N.E.2d 1050, 1052-53 (Ind. Ct. App. 2007). Our goal in construing a statute is to determine, give effect to, and implement the intent of our General Assembly. Sanders, 892 N.E.2d at 1252 (citing Sales v. State, 723 N.E.2d 416, 420 (Ind. 2000)). We presume that the General Assembly intended that the language used in the statute be applied logically and not to bring about an unjust or absurd result. Id.

To determine the intent of the legislature, we examine the statute as a whole and also read sections of an act together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. Id. (citing City of N. Vernon v. Jennings Nw. Reg'l Utils., 829 N.E.2d 1, 4 (Ind. 2005)). The best evidence of legislative intent is the language of the statute itself. U.S. Steel Corp. v. N. Ind. Pub. Serv. Co., 951 N.E.2d 542, 552 (Ind. Ct. App. 2011). Thus, we must give all words their plain and ordinary meaning unless otherwise indicated by statute. Id. When the language in a statute is ambiguous or uncertain, we may look not only to the language, but also to the nature and subject matter of the act and the object to be accomplished thereby in ascertaining the legislative intent. Johnson, 871 N.E.2d at 1053. If, however, the statutory language is

3

clear and unambiguous on its face, we will give such a statute its apparent and obvious meaning. U.S. Steel, 951 N.E.2d at 552.

## Discussion and Decision

The expungement statute at issue in the present case provides:

(a) This section applies only to a person convicted of a misdemeanor, including a Class D felony reduced to a misdemeanor.

(b) Not earlier than five (5) years after the date of conviction (unless the prosecuting attorney consents in writing to an earlier period), the person convicted of the misdemeanor may petition a court to expunge all conviction records, including records contained in:
    (1) a court's files;
    (2) the files of the department of correction;
    (3) the files of the bureau of motor vehicles; and
    (4) the files of any other person who provided treatment or services to the petitioning person under a court order;
that relate to the person's misdemeanor conviction.

(c) A person who files a petition to expunge conviction records shall pay the filing fees required for filing a civil action, and the clerk shall distribute the fees as in the case of a civil action. A person who files a petition to expunge conviction records may not receive a waiver or reduction of fees upon a showing of indigency.

(d) If the court finds by clear and convincing evidence that:
    (1) the period required by this section has elapsed;
    (2) no charges are pending against the person;
    (3) the person does not have an existing or pending driver's license suspension;
    (4) *the person has successfully completed the person's sentence, **including any term of supervised release**, and satisfied all other obligations placed on the person as part of the sentence*; and
    (5) the person has not been convicted of a crime within the previous five (5) years;
the court *shall* order the conviction records described in subsection (b) expunged in accordance with section 6 of this chapter.

Ind. Code § 35-38-9-2 (emphasis added).[1]

Here, Alvey claims that he met all of the requirements set forth in subsection (d) of the expungement statute and that the trial court was therefore required to expunge the records of his conviction. We disagree.

Subsection (2)(d)(4) clearly and unambiguously requires that Alvey had to prove by clear and convincing evidence that he "successfully completed [his] sentence, *including any term of supervised release*." (emphasis added). Here, it is uncontradicted that Alvey twice violated the terms of his probation. He therefore did not successfully "complete[] his sentence, including any term of supervised release" as required by the expungement statute. See Pittman v. State, No. 06A05-1305-CR-243, 2014 WL 1711011, slip op. at 10-11 (Ind. Ct. App. Apr. 30, 2014) (concluding, under prior version of the expungement statute, that defendant had not successfully completed the terms of his sentence where he had violated the terms of his probation by committing another offense).

The fact that, here, Alvey later successfully completed his sentence in Community Corrections does not negate the fact that he had already violated the terms of his probation. As we explained in Pittman, we think that the intent of the General Assembly, as expressed by this statutory language, was to allow those persons who had successfully completed their sentences *without incident* to petition the court after the passage of a certain amount of time (here, five years) to expunge the records of their conviction. Id.,

---

[1] We refer here to the version of Indiana Code section 35-38-9-2 that was in effect at the time Alvey filed his petition and when the trial court ruled on his petition. This version of section 35-38-9-2 was effective July 1, 2013. We note that this statute was subsequently amended by Ind. Pub. Law 181-2014 § 8, effective March 26, 2014, well after the trial court ruled on Alvey's petition. Both parties refer to the version of the statute quoted above, and neither party claims that the current version should govern this appeal.

slip op. at 10. Here, however, Alvey admittedly violated the terms of his probation twice, and he therefore cannot meet all of the requirements of the expungement statute.

Accordingly, the trial court properly denied Alvey's petition to expunge his conviction on the grounds that Alvey failed to successfully complete the terms of his sentence, including any terms of supervised release.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.