

FILED
Jun 25 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREME LEE WALL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1311-MI-976 |
| | ) | |
| ALFRED H. PLUMMER, III,[1] | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1309-MI-578

**June 25, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

---

[1] Pursuant to Indiana Code Section 35-38-9-8(d), Wall was required to serve a copy of his petition for expungement upon the prosecuting attorney. He has acknowledged that he named Alfred H. Plummer, deputy prosecutor, as the respondent instead of the elected prosecuting attorney, William C. Hartley.

## Case Summary

Jereme Lee Wall appeals the trial court's denial of his petition to expunge the records of his conviction for class C felony criminal mischief. On appeal, Wall claims that the trial court erred in concluding that he could not have the records of his conviction expunged because he had violated the terms of his probation. We affirm.

## Facts and Procedural History

In February 1992, Wall was convicted of class C felony criminal mischief. The trial court ordered Wall to serve three years with all but 120 days suspended to probation. In February 1993, Wall admitted to violating his probation by not updating his address record with the probation department, and the trial court revoked the balance of his sentence.

In September 2013, Wall filed a petition to expunge his conviction pursuant to Indiana Code Section 35-38-9-4, which at that time read as follows:

> (a) Except as provided in subsection (b), this section applies only to a person convicted of a felony.
>
> (b) This section does not apply to the following:
> > (1) An elected official convicted of an offense while serving the official's term or as a candidate for public office.
> > (2) A sex or violent offender (as defined in IC 11-8-8-5).
> > (3) A person convicted of a felony that resulted in serious bodily injury to another person.
> > (4) A person convicted of official misconduct (IC 35-44.1-1-1).
> > (5) A person convicted of an offense described in:
> > > (A) IC 35-42-1;
> > > (B) IC 35-42-3.5; or
> > > (C) IC 35-42-4.
>
> (c) Not earlier than eight (8) years after the completion of the person's sentence (including the completion of any term of supervised release and the satisfaction of all other obligations placed on the person as part of the

2

sentence, unless the prosecuting attorney consents in writing to an earlier period), the person convicted of the felony may petition the sentencing court to expunge conviction records contained in:

> (1) a court's files;
> (2) the files of the department of correction;
> (3) the files of the bureau of motor vehicles; and
> (4) the files of any other person who provided treatment or services to the petitioning person under a court order;

that relate to the person's felony conviction.

(d) A person who files a petition to expunge conviction records shall pay the filing fees required for filing a civil action, and the clerk shall distribute the fees as in the case of a civil action. A person who files a petition to expunge conviction records may not receive a waiver or reduction of fees upon a showing of indigency.

(e) If the court finds by clear and convincing evidence that:

> (1) the period required by this section has elapsed;
> (2) no charges are pending against the person;
> (3) the person does not have an existing or pending driver's license suspension;
> (4) *the person has successfully completed the person's sentence, including any term of supervised release, and satisfied all other obligations placed on the person as part of the sentence;* and
> (5) the person has not been convicted of a crime within the previous eight (8) years;

the court may order the conviction records described in subsection (c) marked as expunged in accordance with section 7 of this chapter. A person whose records have been ordered marked as expunged under this section is considered to have had the person's records expunged for all purposes other than the disposition of the records.

(Emphasis added.)[2]

---

[2] We refer to the version of Indiana Code Section 35-38-9-4 effective when Wall filed his petition. This statute was amended by Indiana Public Law 181-2014 Section 10, effective March 26, 2014.

After a hearing, the trial court denied the expungement petition, finding that the probation violation resulted in Wall not successfully completing his sentence. Wall now appeals.

**Discussion and Decision**

Wall contends that the trial court erred in denying his petition to expunge his conviction, claiming that he met the statutory requirements under Section 35-38-9-4. Interpretation of a statute is a question of law which we review de novo. *Dykstra v. City of Hammond*, 985 N.E.2d 1105, 1107 (Ind. Ct. App. 2013), *trans. denied*. We must first determine whether the statutory language is clear and unambiguous. *Id*. In interpreting the statute, "we will attempt to determine and give effect to the intent of the legislature." *Id*. To determine the intent of the legislature, "we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute." *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). "The best evidence of legislative intent is surely the language of the statute itself."[3] *Prewitt v. State*, 878 N.E.2d 184, 186 (Ind. 2007). We must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id*.

Wall argues that he successfully completed his sentence and term of supervised release and that the trial court was therefore required to expunge the records of his conviction. We recently addressed similar arguments regarding a similar expungement

---

[3] As such, we are unpersuaded by Wall's reliance on correspondence from a legislator that he attached to his petition.

statute for misdemeanor convictions, Indiana Code Section 35-38-9-2, in *Alvey v. State*, No. 20A04-1310-MI-533, 2014 WL 2202841, slip op. at 10-11 (Ind. Ct. App. May 28, 2014). In *Alvey*, the court noted that although the defendant had completed his sentence in community corrections he had twice admitted to violating probation. Therefore, he did not "successfully complete[] his sentence, including any term of supervised release" as required by Section 35-38-9-2. *Id*. at 2. The *Alvey* court opined that the intent of the General Assembly "was to allow those persons who had successfully completed their sentences *without incident* to petition the court after the passage of a certain amount of time … to expunge the records of their conviction." *Id*. at 5-6 (quoting *Pittman v. State*, No. 06A05-1305-CR-243, 2014 WL 1711011, slip op. at 10 (Ind. Ct. App. Apr. 30, 2014)).

We think that the legislature had the same intent in drafting Section 35-38-9-4, which applies to felony convictions. In this case, Wall admitted to violating the terms of his probation, and by doing so he failed to successfully complete his sentence. Wall contends that his probation violation was a "technical" one. Appellant's Br. at 17. However, Section 35-38-9-4 does not distinguish between major and minor violations.[4] Based on the foregoing, we conclude that the trial court properly denied Wall's petition to expunge his conviction.

Affirmed.

BAKER, J., and BARNES, J., concur.

---

[4] Consequently, we are unpersuaded by Wall's argument that the trial court's interpretation of the statute violates Article 1, Section 18 of the Indiana Constitution, which states, "The penal code shall be founded on principles of reformation, and not of vindictive justice."