

FILED

Jan 12 2016, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Joshua D. Hague
Rodney S. Retzner
Blake P. Holler
Krieg DeVault LLP
Carmel, Indiana

ATTORNEY FOR APPELLEES

Thomas M. Barr
Thomas M. Barr & Associates
Nashville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the
Guardianship of Natalie N. Stant
Adult,

Jeffrey Stant,

*Appellant-Petitioner,*

v.

William Stant and Natalie Stant,

*Appellees-Intervenor.*

January 12, 2016

Court of Appeals Case No.
07A01-1504-GU-139

Interlocutory Appeal from the
Brown Circuit Court

The Honorable
Heather M. Mollo, Special Judge

Trial Court Cause No.
07C01-1302-GU-5

**Kirsch, Judge.**

[1] Jeffrey Stant ("Jeffrey") appeals the trial court's order denying his "Action in Mandamus to Compel Delivery of Accounting" ("Mandamus Action"). *Appellant's App.* at 26-27. In this interlocutory appeal, Jeffrey raises the following consolidated and restated issue: whether the trial court erred when it

construed Indiana Code section 30-5-6-4 to apply only to powers of attorney created after July 1, 2012 and held that Jeffery was not entitled to request and receive a copy of an accounting of his mother's finances.

[2] We reverse and remand.

## Facts and Procedural History

[3] Natalie N. Stant ("Natalie") has four sons, William, Timothy, Louis, and Jeffrey. William has held a power of attorney over Natalie since February 11, 2011. Natalie currently lives with William and his wife and has done so for over ten years. In November 2012, Natalie was diagnosed with early Alzheimer's type dementia.

[4] As a result of this diagnosis, Jeffrey filed a petition for the appointment of a permanent guardian over Natalie and her estate on February 7, 2013. William intervened in the action as an interested person and Natalie's attorney in fact. As part of the litigation, Jeffrey sought information from William concerning Natalie's finances, and on October 31, 2014, Jeffrey requested an accounting of Natalie's finances from William pursuant to Indiana Code section 30-5-6-4. William refused to deliver a copy of the accounting to Jeffrey. William informed the trial court of his position regarding the accounting during a pretrial conference.

[5] On January 23, 2015, Jeffrey filed his Mandamus Action pursuant to Indiana Code section 30-5-6-4(h). On February 12, 2015, the trial court issued an order denying Jeffrey's Mandamus Action, finding that the statute only applied to

powers of attorney created after July 1, 2012. Jeffrey now files this interlocutory appeal.

## Discussion and Decision

In the present case, the parties present a question of statutory interpretation. Interpretation of a statute is a question of law, which we review de novo. *Strozewski v. Strozewski*, 36 N.E.3d 497, 499 (Ind. Ct. App. 2015) (citing *Wall v. Plummer,* 13 N.E.3d 420, 422 (Ind. Ct. App. 2014)). We first determine whether the statutory language is clear and unambiguous on its face. *Id*. If it is, we will not interpret the statute, but will hold the statute to its clear and plain meaning. *Id.* When we interpret the statute, we attempt to determine and give effect to the intent of the legislature. *Id.* We determine the intent of the legislature by reading the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *Id*. We must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id.*

The general rule is that unless there are strong and compelling reasons, statutes will not be applied retroactively. *Bourbon Mini-Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003). An exception to this general rule exists for remedial statutes, which are statutes intended to cure a defect or mischief that existed in a prior statute. *Id*. Ultimately, however, whether or not a statute applies retroactively depends on the intent of the legislature. *Id*. "That is, when a remedial statute is involved, a court must construe it to 'effect the evident

purpose for which it was enacted[.]'" *Id*. (quoting *Martin v. State,* 774 N.E.2d 43, 44 (Ind. 2002)).

[8] Jeffrey argues that the trial court erred when it found that he was not entitled to request and receive an accounting of Natalie's finances pursuant to Indiana Code section 30-5-6-4, which sets forth who may make a request and receive an accounting from an attorney in fact. The statute was most recently amended as of July 1, 2014 and presently provides that a child of the principal may request and receive an accounting from the attorney in fact. Ind. Code § 30-5-6-4(c), (d). In this appeal, Jeffrey contends that, because he was the child of the principal and because his request for the accounting occurred after the amendments to the statute that allow for a child to request and receive an accounting, he was entitled to receive the accounting from William. Jeffrey asserts that the trial court incorrectly construed Indiana Code section 30-5-6-4 to only apply to children requesting an accounting under a power of attorney created after July 1, 2012. Jeffrey claims that it is not retroactive application of the statute to allow him to request and receive an accounting because the trial court impermissibly read a temporal limitation into the statute.

[9] Here, Jeffrey is the child of Natalie, the principal, and William is the attorney in fact. As a child of the principal, Jeffrey made a request for an accounting of Natalie's finances on October 31, 2014. William, however, failed to deliver an accounting to Jeffrey. In its order denying Jeffrey's Mandamus Action, the trial court found that, although Jeffrey was the child of the principal and requested an accounting from the attorney in fact, Jeffrey did not qualify to request and

receive an accounting because the power of attorney was created prior to July 1, 2012.

[10] We find Indiana Code section 30-5-6-4 to be unambiguous. It provides that, as of July 1, 2014, a child of the principal may request an accounting, and if requested, the attorney in fact *shall* render and deliver the accounting to the child. Ind. Code § 30-5-6-4(c), (d) (emphasis added). It is undisputed that Jeffrey meets the requirements to receive an accounting; his mother, Natalie, is the principal, and as her child, he is entitled to receive an accounting when requested. However, although Jeffrey met the unambiguous requirements of Indiana Code section 30-5-6-4, the trial court read into the statute a requirement that the power of attorney, for which the accounting is requested, must have been created prior to July 1, 2012, the date when the statute was amended to allow children of the principal to request an accounting.

[11] Prior to July 1, 2012, Indiana Code section 30-5-6-4 only required the attorney in fact to provide an accounting if ordered by the court, requested by the principal, a guardian appointed for the principal, or upon the death of the principal, the personal representative of the estate or an heir or legatee. Effective July 1, 2012, Indiana Code section 30-5-6-4(b)[1] was amended to allow, among others, a child of the principal to request an accounting. However,

---

[1] As amended, Indiana Code section 30-5-6-4(b) provided, in pertinent part:

The attorney in fact shall render a written accounting if an accounting is ordered by a court, requested by the principal, a guardian appointed for the principal, a child of the principal, or, upon the death of the principal, the personal representative of the principal's estate, or an heir or legatee of the principal.

subsection (c) of the statute was not similarly amended to add children of the principal to the list of those required to receive an accounting, and although a child could request an accounting under subsection (b), the attorney in fact was not required to deliver an accounting to them. On July 1, 2014, subsection (c) was amended[2] to require the attorney in fact to deliver an accounting, when requested, to a child of the principal.[3]

[12] Contrary to the trial court's determination, we do not find a temporal limitation in the current version of Indiana Code section 30-5-6-4. Nothing in the language of the statute limits the requirement of delivering an accounting requested by a child of the principal to only apply to powers of attorney created after the July 1, 2012 amendment to the statute. "A court may not read into a statute that which is not the expressed intent of the legislature." *S. Newton Sch. Corp. Bd. of Sch. Trs. v. S. Newton Classroom Teachers Ass'n*, 762 N.E.2d 115, 120 (Ind. Ct. App. 2001), *trans. denied*. Here, the legislature did not include any specific temporal limitations as to when a power of attorney must have been created for the statute to apply.

[13] The trial court, in denying Jeffrey's Mandamus Action, found that the right to an accounting for a child of the principal applies only prospectively to powers of attorney created after the July 1, 2012 amendment. While we agree that the

---

[2] As a result of this amendment, the statute was reordered, and subsection (c) was renamed as subsection (d).

[3] As amended the new subsection (d) provided, in pertinent part: "[A]n attorney in fact shall deliver an accounting requested under subsection (c) to: . . . (6) a child of the principal." Ind. Code § 30-5-6-4(d).

general rule of statutory construction is that statutes are to be applied prospectively, *see Bourbon Mini-Mart, Inc.*, 783 N.E.2d at 260, here, Indiana Code section 30-5-6-4 does not require retroactive application to allow Jeffrey the right to request and receive an accounting. The 2012 amendment did confer a substantive right to the children of a principal, the right to request and receive an accounting from the attorney in fact. Such right does apply prospectively in that the child of a principal only has the statutory right to request an accounting on or after July 1, 2012, but not prior to that date. The effective date of the powers of attorney are not relevant to who may make a request and receive an accounting, as only the class of persons who may request and receive an accounting, and therefore have a right to an accounting, has changed as a result of the statutory amendments to Indiana Code section 30-5-6-4. Therefore, that is the right that is subject to prospective application, not the date the powers of attorney were created. We conclude that the trial court erred when it denied Jeffrey's Mandamus Action and found that he was not entitled to request and received an accounting from William, the attorney in fact pursuant to Indiana Code section 30-5-6-4.

[14] Reversed and remanded.

Mathias, J., and Brown, J., concur.